Philippe Zimmerman (PZ 7744)
Jennifer Nigro (JN 3584)
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174

Attorneys for Defendant
FINANZ ST. HONORE, B.V.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ICE BOX-SCOOPS, INC.,                                                      07 Civ. 0544 (NG)(SMG)

                 Plaintiff,

            - against -

FINANZ ST. HONORE, B.V., and
DANA CLASSIC FRAGRANCES, INC.,

                 Defendants.

------------------------------------------------------------X

DEFENDANT FINANZ ST. HONORE, B.V.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT
UNDER FED. R. CIV. P. 12(c)


MOSES & SINGER LLP
Philippe Zimmerman
Jennifer Nigro
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
212-554-7800

*Attorneys for Defendant Finanz St. Honore, B.V.,*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................ 1
STATEMENT OF FACTS ......................................................................................................... 2
ARGUMENT .............................................................................................................................. 3
I.    STANDARD ON RULE 12(C) MOTION ...................................................................... 3
II.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT A PARTY TO THE AGREEMENT ................................................................................ 5
III.  PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS SHOULD BE DISMISSED ............................................................................................. 6
    A.    Plaintiff's Fraud Claims Are Barred By The Agreement's Merger Clause ........... 6
    B.    Plaintiff's Fraud Claims Are Barred By The "Gist Of The Action" Doctrine ..................................................................................................................... 9
    C.    The Economic Loss Doctrine Compels Dismissal Of Plaintiff's Negligent Misrepresentation Claim ...................................................................................... 11
    D.    Plaintiff's Fraud and Misrepresentation Claims Must Also Be Dismissed For Not Having Been Alleged With Sufficient Particularity ............................... 12
IV.  PLAINTIFF'S QUASI-CONTRACT CLAIMS MUST BE DISMISSED ...................... 13
    A.    The Agreement Mandates Dismissal of the Quasi Contract Claims .................. 13
    B.    Plaintiff's Request For Equitable Relief Should Be Struck ................................ 14
CONCLUSION .......................................................................................................................... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

Apace Communications Ltd. v. Burke,
    522 F. Supp. 2d 509 (W.D.N.Y. Nov. 16, 2007) ............................................................ 12, 13

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007) ........................................................................................................ 3, 4

Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.,
    246 F. Supp. 2d 394 (E.D. Pa. 2002) ................................................................................. passim

Constitution Bank v. DiMarco,
    155 B.R. 913 (E.D. Pa. 1993) ........................................................................................................ 8

Detweiler v. Nationwide Insurance Co.,
    2000 WL 1612038 (E.D. Pa.) ........................................................................................................ 5

DiVittorio v. Equidyne Extractive Industries, Inc.,
    822 F.2d 1242 (2d Cir. 1987) ................................................................................................. 4, 13

Dorcely v. Wyandanch Union Tree School District,
    2007 WL 2815809 (E.D.N.Y. Sept. 25, 2007) ............................................................................ 4

Galdieri v. Monsanto Co.,
    245 F. Supp. 2d 636 (E.D. Pa. 2002) ........................................................................................ 10

Harold v. McGann,
    406 F. Supp. 2d 562 (E.D. Pa. 2005) ........................................................................................ 14

I & S Associates Trust v. LaSalle National Bank,
    2001 WL 1287522 (E.D. Pa.) ..................................................................................................... 11

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) ......................................................................................................... 4

Jeff Isaac Rare Coins, Inc. v. Yaffe,
    792 F. Supp. 13 (E.D.N.Y. April 27, 1992) ................................................................................ 4

King v. America Airlines, Inc.,
    284 F.3d 352 (2d Cir. 2002) ......................................................................................................... 3

Luce v. Edelstein,
    802 F.2d 49 (2d Cir. 1986) ......................................................................................................... 12

Mitra v. State Bank of India,
    2005 WL 2143144 (S.D.N.Y. Sept 6, 2005) ............................................................................4

NWJ Property Management, LLC v. BACC Builders, Inc.,
    2004 WL 2095446 (E.D. Pa. 2004) .............................................................................9, 10, 11

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000) ..........................................................................................................4

Synesiou v. Designtomarket, Inc.,
    2002 WL 501494 (E.D. Pa. 2002) .............................................................................................14

Tampa Chain Co. of Providence, Inc., v. Odena Marketing International Corp.,
    1986 WL 4066 (S.D.N.Y. April 3, 1986) ..................................................................................5

Thompson v. V.E.W. Ltd.,
    2007 WL 1746739 (S.D.N.Y. June 15, 2007) ..........................................................................4

Werwinski v. Ford Motor Co.,
    286 F.3d 661 (3d Cir. 2002) ......................................................................................................10

Westhampton Howe, Inc. v. Carey,
    506 F. Supp. 215 (E.D.N.Y. Oct. 16, 1980) .............................................................................5

Zinter Handling, Inc. v. General Electric Co.,
    2005 WL 1843282 (N.D.N.Y Aug. 2, 2005) ............................................................................3

**STATE CASES**

Bortz v. Noon,
    556 Pa. 489, 729 A.2d 555 (1999) ............................................................................................8

Ellenbogen v. PNC Bank,
    731 A.2d 175 (Pa.Super.Ct. 1999) ..........................................................................................11

Gibbs v. Ernst,
    538 Pa. 193, 647 A.2d 882 (1994) ........................................................................................ 7-8

HCB Contractors v. Liberty Place Hotel Associates,
    539 Pa. 395, 652 A.2d 1278 (1995) ..........................................................................................9

Lackner v. Glosser,
    892 A.2d 21 (Pa. Super 2006) ..................................................................................................13

Yocca v. Pittsburg Steelers Sports, Inc.,
  578 Pa. 479, 854 A.2d 425 (2004) ...................................................................................8

Youndt v. First National Bank of Allegany,
  868 A.2d 539 (Pa. Super Ct. 2005) ..................................................................................8

## FEDERAL STATUTES

Fed. R. Civ. P. 9(b) ................................................................................................... passim

Fed. R. Civ. P. 12(b)(6) .........................................................................................................3

Fed. R. Civ. P. 12(c) .........................................................................................................1, 3

## MISCELLANEOUS

Restatement (Second) of Torts § 525 (1977) ........................................................................8

## PRELIMINARY STATEMENT

Defendant Finanz St. Honore, B.V. ("Finanz") moves, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings dismissing the complaint (the "Complaint") of plaintiff, Icebox-Scoops, Inc. ("Plaintiff").

Plaintiff asserts seven causes of action -- breach of contract (First Claim), breach of express warranty (Second Claim), fraud (Third Claim), negligent misrepresentation (Fourth Claim), unjust enrichment (Fifth Claim), equitable estoppel (Sixth Claim) and promissory estoppel (Seventh Claim). As demonstrated below, each of Plaintiff's causes of action, all of which are derived from a contract between Finanz and Ice Box, Inc. ("Ice Box"), dated as of March 1, 2005 (the "Agreement"), must be dismissed on the pleadings.

First, Plaintiff is not a party to the Agreement. As shown by the Agreement, which is attached to the Complaint, "Ice Box, Inc." entered into the Agreement, not "Ice Box-Scoops, Inc." Compl., Ex. A, p. 1.[1] In the Agreement, Ice Box expressly represented that the individual who signed it on its behalf was authorized to do so by Ice Box's Board of Directors. Compl., Ex. A, ¶ 16.11. Similarly, under the express terms of the Agreement, notices were to be provided to Ice Box. Compl., Ex. A, ¶ 16.7. Further, the correspondence between Finanz and the counterparty to the Agreement was on Ice Box letterhead, sent to Ice Box, or referred to Ice Box, including correspondence to and from a lawyer for Ice Box. It is evident that even though Plaintiff's name -- Ice Box-Scoops, Inc. -- is similar to that of the Agreement's counterparty -- Ice Box, Inc. -- they are not the same entity. Accordingly, each of Plaintiff's claims must be dismissed.

---

[1] The Agreement is Exhibit A to the Complaint, which is attached to the Affirmation of Philippe Zimmerman as Exhibit 1.

Next, even assuming, *arguendo*, that the Court does not dismiss this action based on Plaintiff not being a party to the Agreement, each of Plaintiff's non-breach of contract claims (Claims Three through Seven) should be dismissed. Plaintiff's fraud and negligent misrepresentation claims (the Third and Fourth Claims) must be dismissed because the Agreement's merger clause expressly provides that "this agreement contains all of the representations, undertakings and agreements of all parties respecting the subject-matter hereof." Compl., Ex. A, ¶ 17.2. As such, Plaintiff may not properly assert causes of action based on alleged representations not included in the Agreement. Further, Plaintiff's fraud claims, which essentially reiterate its contract action, are barred by the "gist of the action" doctrine. Plaintiff's fraud claims are also insufficiently particular, in violation of Fed. R. Civ. P. 9(b).

Plaintiff's quasi-contract claims -- unjust enrichment (Fifth Claim), equitable estoppel (Sixth Claim) and promissory estoppel (Seventh Claim) -- are also precluded by the existence of the Agreement, which concerns the subject matter of the claims. Indeed, the purported promises in Plaintiff's estoppel claims are identical to the representations relied upon in its misrepresentation claims. Compare Compl., ¶¶ 42, 44 and 51, with ¶¶ 65 and 72.

## STATEMENT OF FACTS

This action concerns a dispute between Finanz and Plaintiff related to an agreement, dated as of March 1, 2005, pursuant to which Finanz granted Ice Box, Inc., an exclusive license to exploit the trademark TINKERBELL® under International Class 3, for, among other things, fragrances, cosmetics products, bath and body, and related products (the "Trademark"). Compl., Ex. A. Plaintiff is not a party to the Agreement. Id. At all times, Finanz communicated with Ice Box in connection with the Agreement, not Plaintiff, including receiving communications on Ice

Box's letterhead. See Affidavit of Isaac Cohen, sworn to on June 27, 2008 ("Cohen Affidavit" or "Cohen Aff.") at ¶ 4, Ex. A.

By letter, dated October 1, 2005, Finanz terminated the Agreement as a result of Ice Box's incurable breaches. Compl., ¶ 24. In October and November, 2005, counsel for Finanz and counsel for Ice Box exchanged several letters concerning the termination and Ice Box's breaches. Compl., ¶¶ 30-32. In or about February 2006, Finanz sold its interest in the Trademark to Disney Enterprises, Inc., ("Disney"). Compl., ¶ 64. Finanz heard nothing further about the Agreement or its termination until Plaintiff commenced this action on or about February 5, 2007.

## ARGUMENT

### I. STANDARD ON RULE 12(C) MOTION

In considering a Rule 12(c) motion for judgment on the pleadings, courts apply the same standard as on a motion to dismiss under Rule 12(b)(6). Zinter Handling, Inc. v. General Electric Co., 2005 WL 1843282, at *3 (N.D.N.Y Aug. 2, 2005) (standard under Rule 12(c) judgment on the pleadings is the same standard applied to Rule 12(b)(6) motion to dismiss) (citing King v. Am. Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002)).

The Court must dismiss the complaint where, as here, the factual allegations of the complaint are insufficient to state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see Zinter Handling, Inc. v. General Electric Co., 2005 WL 1843282, at *3 (citations omitted) (plaintiff's claim for fraudulent misrepresentation and/or concealment dismissed with prejudice where plaintiff alleged that defendant entered into contract with no intention of performing). While detailed factual allegations are not required (other than with respect to Plaintiff's claim for misrepresentation), a plaintiff must provide sufficient factual allegations to establish grounds for entitlement to relief beyond mere labels and legal conclusions – a formulaic recitation of the elements of a cause of action is insufficient. Bell

3

Atlantic Corp. v. Twombly, 127 S. Ct at 1964-65.

Courts in this Circuit require that "a pleader . . . amplify a claim with some factual allegations in that context where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). Thus, pursuant to Twombly and its progeny in the Second Circuit, a complaint must include "enough facts to nudge [Plaintiff's] claims across the line from conceivable to plausible." Dorcely v. Wyandanch Union Tree School Dist., 2007 WL 2815809, at *3 (E.D.N.Y. Sept. 25, 2007) (citations omitted).

In addition to the Complaint and any facts of which judicial notice may be taken, the Court may also take into consideration any written instrument attached to the Complaint (e.g., the Agreement) or any documents incorporated or referenced in the Complaint. Thompson v. V.E.W. Ltd., 2007 WL 1746739, at *2 (S.D.N.Y. June 15, 2007). Notably, a complaint is deemed to include documents that plaintiff either possessed or knew about, or relied upon in bringing the action. Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); Mitra v. State Bank of India, 2005 WL 2143144, at *2 (S.D.N.Y. Sept 6, 2005).

With respect to Plaintiff's claims of fraud and negligent misrepresentation, Plaintiff must allege the "circumstances constituting fraud with particularity." Fed. R. Civ. P. 9(b); see Jeff Isaac Rare Coins, Inc. v. Yaffe, 792 F.Supp. 13, 15 (E.D.N.Y. April 27, 1992) ("[I]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity.") "Moreover, if the complaint alleges fraud by more than one defendant, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" Id. (citing DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 (2d Cir. 1987)). The Complaint fails to set forth, with the requisite particularity, Finanz's fraudulent conduct and/or its role in defendants' alleged 'scheme'. Compl. ¶ 22.

4

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT A PARTY TO THE AGREEMENT

As a threshold matter, a party seeking judicial resolution of a controversy must first establish that he or she has standing to maintain the action. See Detweiler v. Nationwide Ins. Co., 2000 WL 1612038, at *1 (E.D. Pa.) (applying Pennsylvania law; plaintiff lacked standing to sue for breach of contract where plaintiff was neither a party nor third party beneficiary to contract) (citing Electron Energy Corp. v. Short, 408 Pa. Super. 563, 597 A.2d 175, 177 (Pa.Super.Ct. 1991)); see also Tampa Chain Co. of Providence, Inc., v. Odena Marketing International Corp., 1986 WL 4066, at *2 (S.D.N.Y. April 3, 1986) (applying New York law; dismissing breach of contract claim where plaintiff was not a party thereto nor intended third-party beneficiary); Westhampton Howe, Inc. v. Carey, 506 F.Supp. 215, 216-17 (E.D.N.Y. Oct. 16, 1980) (applying New York law; threshold issue in determining the plaintiff's entitlement to the relief is whether plaintiff has standing to enforce the alleged contracts).[2]

The parties to the Agreement are Finanz and Ice Box. Plaintiff is not a party to the Agreement. Indeed, not only is the Agreement executed on Ice Box's behalf, but the Agreement provides:

> [The signatory] represent[s] and guarantee[s] that they have full authority to enter into this Agreement on behalf of their respective entities . . . and that these entities have taken and/or will take whatever actions are required by local law or regulations in order to make this Agreement binding on said entities.

Compl. Ex. A, ¶ 16.11. Similarly, notices under the Agreement were required to be given to Ice

---

[2] Paragraph 16.3 of the Agreement (Complaint, Ex. A) provides, in pertinent part:

> . . . interpretation, performance, operation, rights and remedies relating to, and the legal effect of this Agreement, including its termination or cancellation, shall be construed pursuant to and governed by the laws of the State of Pennsylvania and the United States of America, without reference to conflicts of laws principles.

5

Box -- not Plaintiff. Compl. Ex. A, ¶ 16.7.

Further, correspondence received from the Agreement's counterparty are on "Ice Box, Inc." letterhead and sent on behalf of "Ice Box Inc." Cohen Aff., ¶ 4, Ex. 1. Finally, in letters and discussions, Ice Box's counsel confirmed that he acted on behalf of Ice Box, including in connection with Finanz's termination of the Agreement. Cohen Aff., ¶ 5, Ex. 2. As such, it is indisputable that Ice Box, Inc. -- not Ice Box Scoops -- is a party to the Agreement. Plaintiff has failed to establish its standing and its claims should, therefore, be dismissed.

### III. PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS SHOULD BE DISMISSED

Even assuming, *arguendo*, that Plaintiff is a proper party to this action, its claims of fraud and negligent misrepresentation (together, the "Fraud Claims") should be dismissed for several reasons. First, the Agreement's merger clause precludes the Fraud Claims that are based on purported representations not included in the Agreement. Second, Plaintiff's Fraud Claims are prohibited by Pennsylvania's "gist of the action" doctrine, which bars a plaintiff from recasting a contract claim as a fraud or other tort claim. Third, the Fraud Claims do not comply with the requirement of Fed. R. Civ. P. 9(b) that fraud must be alleged with specificity.

#### A. *Plaintiff's Fraud Claims Are Barred By The Agreement's Merger Clause*

In relevant part, the Agreement provides:

> This Agreement constitutes the entire agreement of the parties hereto with respect to the subject-matter hereof… this Agreement contains all of the representations, undertakings and agreements of all parties respecting the subject-matter hereof. There are no representations, undertakings or agreements of any kind between the parties hereto respecting the subject-matter hereof except those contained in this Agreement….[3]

---

Accordingly, the analysis of substantive law discussed in this memorandum is premised on Pennsylvania law.

[3] The provision also refers to "other agreements between the parties consummated on the same date as this agreement." There is no allegation that any other agreement is relevant to this action.

6

Compl., Ex. A, ¶ 16.12. The foregoing provision is often referred to as a merger or integration clause. The purpose of such a clause is to preclude the parties from alleging that they or the counterparty have additional rights or obligations related to the subject matter of the agreement or that they have relied on any promise or representation not memorialized in the parties' written agreement. See e.g., Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d 394, 406-7 (E.D. Pa. 2002) (integration clause gives weight to argument that plaintiffs unreasonably relied on contradictory or opinion statements by defendant prior to or contemporaneous to the agreement).

The decision in Blue Mountain is instructive. There, the District Court for the Eastern District of Pennsylvania relied on an integration clause substantially identical to the one at issue in this case, to dismiss a plaintiff's fraud claims as contrary to the express terms of the license agreement. The integration clause in Blue Mountain provided that ***"This Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof, and supersedes all prior and contemporaneous agreements and understandings, inducements or conditions expressed or implied, oral or written, in connection therewith, except as herein contained."*** (Emphasis supplied). Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d at 406. As such, Plaintiff should not be permitted to assert claims of fraud and negligent misrepresentation based on its purported reliance on representations not recited in the Agreement.

To plead a claim of common law fraud, a plaintiff must establish the following elements: a representation, which is material to the transaction; made falsely, with knowledge of its falsity or recklessness as to its truth; with the intent of misleading another into relying on it; justifiable reliance on the misrepresentation; and resulting injury proximately caused by the reliance. Gibbs

7

v. Ernst, 538 Pa. 193, 207-8, 647 A.2d 882, 889 (1994) (citing the Restatement (Second) of Torts § 525 (1977)).

A claim for negligent misrepresentation requires a misrepresentation of a material fact; made under circumstances in which the provider ought to have known its falsity; with intent to induce another to act on it; and which results in injury to a party acting in justifiable reliance on the misrepresentation. Bortz v. Noon, 556 Pa. 489, 500-01, 729 A.2d 555, 561 (1999); see also Constitution Bank v. DiMarco, 155 B.R. 913, 919 (E.D. Pa. 1993) (dismissing negligent misrepresentation claim under Pennsylvania law) "'[N]egligent' misrepresentation is a misrepresentation which arises from a want of 'reasonable care or competence in obtaining or communicating information' as opposed to or misrepresentation." Constitution Bank v. DiMarco, 155 B.R. at 919 (citing Woodward v. Dietrich, 378 Pa. Super. 111, 548 A.2d 301 (1988)).

In light of the unambiguous language of the merger clause, Plaintiff's purported reliance on representations outside of the Agreement is inescapably unreasonable. Under Pennsylvania law, in addition to precluding the use of extrinsic evidence to interpret unambiguous contractual provisions, the parol evidence rule generally bars claims for fraud based on alleged misrepresentations where, as here, the contract contains a merger clause. Youndt v. First Nat'l Bank of Allegany, 868 A.2d 539, 548-49 (Pa. Super Ct. 2005) (dismissing claim seeking to rely on evidence of alleged misrepresentation that "there were no problems" with the property under contract where contract "stated that it was the parties' whole agreement" and that no representations were made regarding the condition of the property); Yocca v. Pittsburg Steelers Sports, Inc., 578 Pa. 479, 499-500, 854 A.2d 425, 438 (2004) (claims dismissed and demur granted based on parol evidence rule barring reliance on representation in contravention of an

8

integration clause); HCB Contractors v. Liberty Place Hotel Assocs., 539 Pa. 395, 399, 652 A.2d 1278, 1279-80 (1995) (claims dismissed based on application of parol evidence rule to integration clause).

### B. *Plaintiff's Fraud Claims Are Barred By The "Gist Of The Action" Doctrine*

Pennsylvania's "'gist of the action' doctrine bars claims for allegedly tortious conduct where the gist of the conduct alleged sounds in contract rather than tort." NWJ Property Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *3-4 (E.D. Pa. 2004) (citation omitted). "[T]he impetus for this rule is precluding 'plaintiffs from bringing a tort claim that merely replicates a claim for breach of an underlying contract.' Id. (citing Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d at 402). Although derived from a common origin... tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals...." NWJ Property Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *4

Plaintiff alleges that Defendants materially misrepresented that they would enforce and defend the trademark at issue against interference – from Disney or otherwise – and that Defendants were "prepared to license the Trademark to [Ice Box] for a minimum period of two (2) years, renewable at [Ice Box's] option for an additional three years, provided [Ice Box] was successfully selling and marketing the TINKERBELL® branded products." Compl., ¶¶ 42, 44, 51 and 65. At its core, the Complaint alleges that Defendants breached their promises to license the intellectual property licensed in the Agreement for at least two years with an option for an additional three years. The Agreement, however, explicitly specifies its duration and renewal:

> This Agreement shall take effect as of March 1, 2005, and shall remain in force thereafter through February 28, 2007, *unless earlier terminated in accordance with the provisions of this Agreement*. Thereafter, Licensee shall be permitted to

9

> renew under the same terms of this Agreement for a period of one (1) year, up to a maximum of three times (for a total of three years) so long as Licensee has met the minimum sales requirements stated herein in Section 8.1, has paid royalties equal to at least the Guaranteed Royalty stated in Section 9.1, ***and is not otherwise in default of this Agreement***. (Emphasis added)

Compl., Ex. A, ¶ 6.

In light of the Agreement's express provisions concerning its term and potential renewal periods, the purported "misrepresentations" are insufficient to support an independent claim for fraudulent inducement or negligent misrepresentation. See Galdieri v. Monsanto Co., 245 F.Supp.2d 636, 650 (E.D. Pa. 2002) (dismissing plaintiff's fraudulent inducement claim under Pennsylvania's "gist of the action" doctrine where alleged fraud was that defendant never intended to perform); see also Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d at 402-03 (barring negligent misrepresentation and fraud claims under "gist of the action doctrine") (citing Werwinski v. Ford Motor Co., 286 F.3d 661, 680, n. 8 (3d Cir. 2002)); NWJ Property Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *3-4 (E.D. Pa. 2004) ("gist of the action" doctrine applied to fraudulent inducement claims where false promise becomes an obligation under the ensuing contract) (citing Factory Market, Inc., v. Schuller Int'l Inc., 987 F.Supp. 387, 395 (E.D. Pa. 1998); Penn City Investments, Inc., v. Soltech, Inc., 2003 WL 22844210, at *4 (E.D. Pa. 2003)).

### C. *The Economic Loss Doctrine Compels Dismissal Of Plaintiff's Negligent Misrepresentation Claim*

Plaintiff's negligent misrepresentation claim is also barred by the economic loss doctrine. See NWJ Property Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *3. Like the "gist of the action" doctrine, the purpose of Pennsylvania's economic loss doctrine is "maintaining the separate spheres of the law of contract and tort." Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d at 402 (citing New York State Elec. & Gas Corp. v. Westinghouse Elec. Corp., 387 Pa. Super. 537, 549-50, 564 A.2d 919, 925 (1989)); see also NWJ Property Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *3 (economic loss doctrine prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows from a contract) (citations omitted).

The economic loss doctrine holds that negligence theories -- such as the one set forth in the Complaint[4] -- "'do not apply to actions between commercial enterprises where the only damages suffered are economic losses.'" Blue Mountain Mushroom Co., Inc., 246 F.Supp.2d at 402 (citing Auger v. Stouffer Corp., 1993 WL 364622, at *3 (E.D. Pa. 1993)). Indeed, absent physical injury or property damage, the economic loss doctrine bars plaintiffs from bringing a negligence action solely for economic losses. NWJ Property Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *3 (citing I & S Assocs. Trust v. LaSalle Nat'l Bank, 2001 WL 1287522, at *3 (E.D. Pa.) (citing Ellenbogen v. PNC Bank, 731 A.2d 175, 188 (Pa.Super.Ct. 1999)).

Here, Plaintiff's negligent misrepresentation claim is premised on its allegations that

---

[4] Compl., ¶ 73.

11

Finanz made certain statements extrinsic to the Agreement upon which Ice Box purportedly relied. Plaintiff's purported damages arising therefrom are entirely economic – they are neither personal nor property-related. Accordingly, this case is nothing more than a <u>commercial dispute and Plaintiff's negligent misrepresentation claim must be dismissed.</u> See Blue Mountain Mushroom Co., Inc., 246 F.Supp.2d at 402 (negligence theories inapplicable to actions between commercial parties where aggrieved party suffered only economic losses) (citation omitted).

### D. *Plaintiff's Fraud and Misrepresentation Claims Must Also Be Dismissed For Not Having Been Alleged With Sufficient Particularity*

Fed. R. Civ. P. 9(b) requires a plaintiff to plead fraud with sufficient particularity so as to put defendants on notice of the precise misconduct at issue. Plaintiff's claims of fraud and misrepresentation must also be dismissed because Plaintiffs have failed to allege, with sufficient specificity, when, where and by whom the alleged misrepresentations were made, and the nature of Finanz's fraudulent conduct and/or its role in Defendants' alleged 'scheme'.[5] See Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986) (Rule 9(b) requires that allegation of fraud specify, time, place, speaker and content of the alleged fraudulent statement); see also Apace Communications Ltd. v. Burke, 522 F.Supp.2d 509, 519 (W.D.N.Y. Nov. 16, 2007) (dismissing, *inter alia*, negligent misrepresentation claim, "which must be pled in accordance with the specificity criteria of Rule 9(b)") (citing Aetna Cas. And Sur. Co., v. Aniero Concrete Co., 404 F.3d 566, 583 (2d Cir. 2005) (affirming dismissal of claim for negligent misrepresentation for failure to comply with Rule9(b)).

First, Plaintiff's allegations are generally ascribed to Defendants. Plaintiff fails to identify the speaker of the alleged misrepresentations and his or her relationship, if any, with Finanz (as opposed to Dana or some other party).

---

[5] Compl., ¶ 22.

12

Second, Plaintiff does not allege when or where the alleged misrepresentations were made. As the purpose of Rule 9(b) is to provide defendants with "precise notice" of its alleged misrepresentations, Plaintiff's failure to identify when and where the alleged misrepresentations were made deprives Defendants of the opportunity to meaningfully respond to Plaintiff's allegations. Nor does Plaintiff does allege the nature of Finanz's fraudulent conduct and/or its role in Defendants' alleged 'scheme'. Compl., ¶ 22; see Apace Communications Ltd. v. Burke, 522 F.Supp.2d at 517 ("Rule 9(b)… requires plaintiffs to… inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (citation omitted); DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d at 1247 (where the complaint alleges fraud by more than one defendant, it should inform each defendant of the nature of his alleged participation in the fraud).

## IV. PLAINTIFF'S QUASI-CONTRACT CLAIMS MUST BE DISMISSED

### A. *The Agreement Mandates Dismissal of the Quasi Contract Claims*

Plaintiff's claims of unjust enrichment (Fifth Claim), equitable estoppel (Sixth Claim) and promissory estoppel (Seventh Claim; together, the "quasi-contract claims") should be dismissed in their entirety in light of the undisputed existence of the Agreement. Plaintiff's quasi-contract claims may not be maintained in the face of an express contract on the same subject matter. See Lackner v. Glosser, 892 A.2d 21, 34 (Pa. Super 2006) (dismissing unjust enrichment; "[b]y its nature, the doctrine of quasi-contract or unjust enrichment is inapplicable where a written or express contract exists.") (citation omitted); Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d at 407-8 (E.D. Pa. 2002) (promissory estoppel unnecessary where plaintiff's interests are protected by contract with full consideration, the consideration substitute for promissory estoppel is unneeded) (citing Carlson v. Arnot-Ogden Memorial Hosp., 918 F.2d 411, 416 (3d Cir. 1990) (where the parties formed an enforceable

13

contract, relief under promissory estoppel claim is unwarranted under Pennsylvania contract law)); Synesiou v. Designtomarket, Inc., 2002 WL 501494, at *4 (E.D. Pa. 2002) (unjust enrichment and promissory estoppel have no application where parties have entered into an enforceable agreement)); Harold v. McGann, 406 F.Supp.2d 562, 578 (E.D. Pa. 2005) (equitable claims not viable because parties' relationship is govern by written contract) (citations omitted). Accordingly, Plaintiff's quasi-contract claims must be dismissed.

### B.  *Plaintiff's Request For Equitable Relief Should Be Struck*

Plaintiff improperly seeks injunctive relief in connection with its claims of equitable estoppel (Sixth Claim) and promissory estoppel (Seventh Claim). In particular, Plaintiff asks the Court to enjoin Finanz from transferring, selling or taking any other action with respect to the trademark at issue. Complaint, ¶¶ 68 and 73. It also asks the Court to revoke Defendants' 2006 termination of the Agreement and to enjoin Defendants from terminating the Agreement.

"Equitable relief will not be granted when there is an adequate remedy at law consisting of damages." Harold v. McGann, 406 F.Supp.2d at 576 (citing Goadby v. Philadelphia Elec. Co., 639 F.2d 117 (3d Cir. 1981)). While Plaintiff claims unjustifiably that no adequate remedy at law exists with respect to its estoppel claims, Plaintiff's other causes of action for monetary damages, including the two based on the Agreement (First Claim and Second Claim), establish conclusively that it possesses a monetary remedy if it is entitled to any relief. See Harold v. McGann, 406 F.Supp.2d at 576 (dismissing equitable claims where complaint itself shows that plaintiff may recover appropriate damages as defined by the contract).

14

## CONCLUSION

The Complaint should be dismissed in its entirety because Plaintiff is not a party to the Agreement that is the subject of this action. Even assuming, *arguendo*, that Plaintiff is a party to the Agreement, the Fraud Claims must be dismissed based on the Agreement's merger clause and Pennsylvania's gist of the action doctrine, as well as Rule 9(b); the negligent misrepresentation claim must be dismissed based on the economic loss doctrine, and the quasi-contract claims must be dismissed based on the existence of the Agreement.

Dated: June 30, 2008
      New York, New York

                        MOSES & SINGER LLP
                        Attorneys for Defendant
                        FINANZ ST. HONORE, B.V.

                        By: _____/s/_____

                        Philippe Zimmerman, Esq. (PZ 7744)
                        Jennifer Nigro, Esq. (JN 3584)
                        405 Lexington Avenue
                        New York, New York 10174
                        (212) 554-7800 (telephone)
                        (212) 554-7700 (facsimile)