Philippe Zimmerman (PZ 7744)
Jennifer Nigro (JN 3584)
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

Attorneys for Defendant
FINANZ ST. HONORE, B.V.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ICEBOX-SCOOPS, INC.,                                  07 Civ. 0544 (NG)(SMG)

             Plaintiff,

       - against -

FINANZ ST. HONORE, B.V., and
DANA CLASSIC FRAGRANCES, INC.,

            Defendants.

------------------------------------------------------------X

DEFENDANT FINANZ ST. HONORE, B.V.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT
UNDER FED. R. CIV. P. 12(c)

                            MOSES & SINGER LLP
                            Philippe Zimmerman
                            Jennifer Nigro
                            The Chrysler Building
                            405 Lexington Avenue
                            New York, New York 10174
                            212-554-7800

*Attorneys for Defendant Finanz St. Honore, B.V.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

POINT I      THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF IS NOT A PROPER PARTY ................................................................................. 2

POINT II     THE MERGER CLAUSE CONTAINED IN THE AGREEMENT BARS PLAINTIFF'S FRAUD CLAIMS ...................................................................... 4

         A.     There is No Basis for Plaintiff's Claim of Post-Contract Fraudulent Inducement ......................................................................................................... 5

         B.     The Merger Clause Precludes Plaintiff's Fraudulent Inducement Claim .............. 6

POINT III    PENNSYLVANIA'S GIST OF THE ACTION AND ECONOMIC LOSS DOCTRINES REQUIRE DISMISSAL OF PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS ................................................ 8

POINT IV    PLAINTIFF'S ESTOPPEL AND QUASI-CONTRACT CLAIMS ARE BARRED BY THE AGREEMENT ................................................................. 9

         A.     Plaintiff's Unjust Enrichment And Promissory Estoppel Claims Must Be Dismissed ................................................................................................. 9

         B.     Plaintiff Has Not Stated a Claim For Equitable Estoppel ..................................... 11

POINT V     PLAINTIFF'S FRAUD AND MISREPRESENTATION CLAIMS FAIL TO COMPLY WITH RULE 9(B) ....................................................................... 12

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

Apace Communications Ltd. v. Burke,
    522 F.Supp. 2d 509 (W.D.N.Y. 2007) .......................................................................... 12

Betz Laboratories, Inc. v. Hines,
    647 F.2d 402 (3d Cir. 1981) ........................................................................................... 7

Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.,
    246 F.Supp. 2d 394 (E.D. Pa. 2002) ................................................................ 5, 8, 9, 11

Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.,
    98 F.3d 13 (2d Cir. 1996) ............................................................................................... 7

Galdieri v. Monsanto Co.,
    245 F.Supp. 2d 636 (E.D. Pa. 2002) .............................................................................. 9

Harold v. McGann,
    406 F.Supp. 2d 562 (E.D. Pa. 2005) ............................................................................ 11

Hellenic Lines Limited v. Winkler,
    249 F.Supp. 771 (S.D.N.Y. 1966) ................................................................................. 3

Luce v. Edelstein,
    802 F.2d 49 (2d Cir. 1986) ........................................................................................... 12

Munno v. The Town of Orangetown,
    391 F.Supp.2d 263 (S.D.N.Y. 2005) ............................................................................. 2

Public Industrials Corp. v. Reading Hardware Co.,
    29 F.2d 975 (3d Cir. 1929) ......................................................................................... 3-4

Spanierman Gallery v. Love,
    320 F.Supp.2d 108 (S.D.N.Y. 2004) ............................................................................. 3

Sunquest Information Systems, Inc. v. Dean Witter Reynolds, Inc.,
    40 F.Supp.2d 644 (W.D. Pa. 1999) ............................................................................ 7, 8

Underpinning & Foundation Constructors, Inc. v. United State Fidelity and Guaranty
    Company, 325 F.Supp.2d 194 (E.D.N.Y. 2004) ............................................................ 3

## STATE CASES

1726 Cherry St. Partnership v. Bell Atl. Properties, Inc,
    439 Pa.Super. 141, 653 A.2d 663 ...................................................................................7

Berks & Dauphin T'pke Road v. Myers,
    1820 WL 1885 (Pa. 1820)..............................................................................................4

City of Scranton v. Heffler,
    871 A.2d 875 (Pa. Cmwlth. 2005) ...............................................................................12

Detweiler v. Nationwide Insurance Co.,
    2000 WL 1612038 (E.D. Pa.) .......................................................................................4

Gibbs v. Ernst,
    538 Pa. 193, 647 A.2d 882 (1994) ................................................................................5

HCB Contractors v. Liberty Place Hotel Assocs.,
    539 Pa. 395, 652 A.2d 1278 (1995) ..........................................................................7, 8

Lackner v. Glosser, 892 A.2d 21 (Pa. Super 2006) ................................................................11

Lokay v. Lehigh Valley Cooperative Farmers, Inc.,
    342 Pa.Super. 89, 492 A.2d 405 (1985)...................................................................6, 7

Mail and Express Company, Inc. v. Parker Axles, Inc.,
    204 A.D. 327 (1st Dep't 1923) ......................................................................................3

Makoroff v. Department of Transportation,
    938 A.2d 470 (Pa. Cmwlth. 2007) ........................................................................11, 12

Martin v. Hale Products, Inc.,
    699 A.2d 1283 (Super. Pa. 1997)..................................................................................6

Mitchell v. Moore,
    729 A.2d 1200 (Pa. Super. 1999)................................................................................10

NWJ Property Management, LLC v. BACC Builders, Inc.,
    2004 WL 2095446 (E.D. Pa. 2004) ..........................................................................8, 9

Synesiou v. Designtomarket, Inc.,
    2002 WL 501494 (E.D. Pa. 2002) ..............................................................................11

Thompson v. Schriver,
    2002 WL 31661603 (Pa. Com. Pl.).............................................................................10

**FEDERAL STATUTES**

Fed. R. Civ. P. 9(b) .................................................................................................................12

Fed. R. Civ. P. 12(c) ..............................................................................................................1, 3

**MISCELLANEOUS**

New York Gen. Bus. Law. § 130(b)(1) ......................................................................................2

## PRELIMINARY STATEMENT

Defendant Finanz St. Honore, B.V. ("Finanz"), submits this memorandum of law in further support of its motion to dismiss the Complaint under Fed. R. Civ. P. 12(c).

In a desperate attempt to withstand Finanz's motion, Plaintiff, Icebox-Scoops, Inc. ("Plaintiff"), repeatedly mischaracterizes its claims and the specific factual allegations of the Complaint. For instance, the name "Ice Box, Inc." – Plaintiff's purported d/b/a – is referenced only once in the Complaint, in the introduction. Plaintiff has not registered any such d/b/a in New York State in compliance with the General Business Law. Also, Plaintiff falsely claims that Finanz does not seek dismissal of its contract claim or unjust enrichment claim. In fact, Finanz's motion expressly seeks dismissal of each and every one of Plaintiff's causes of action.

Plaintiff's false statements are illustrative of its evident willingness to mislead the Court as to the essential character of its claims. While attempting to oppose dismissal of its fraud and quasi-contract claims, Plaintiff points to purported promises and representations made by Finanz (and Dana) during and after the negotiation of the Agreement dated March 1, 2005 (the "Agreement"). However, these promises and representations all relate to Finanz's alleged misconduct in denying Plaintiff the opportunity to enjoy the benefit of the Agreement. Equally baseless is Plaintiff's attempt to distinguish its non-contract claims from its contract claim by pointing to its request for punitive damages and consequential damages (as well as Plaintiff's purported benefit from the Agreement).

The gravaman of each of Plaintiff's claims is inescapably Finanz's alleged breach of the Agreement. As such, even assuming, *arguendo*, that Plaintiff has standing under the Agreement, Plaintiff's non-contract claims must be dismissed.

1

## ARGUMENT

## POINT I

## THE COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF IS NOT A PROPER PARTY

Confronted with the fact that Plaintiff, Icebox-Scoops, Inc. is not a party to the Agreement, Plaintiff claims that it alleges in the Complaint that Ice Box, Inc. is a d/b/a of Plaintiff and that Plaintiff signed the Agreement using its d/b/a. (Opp'n Mem., at p. 10). The only point in the Complaint where "Ice Box, Inc." is even mentioned is the introduction before Plaintiff's factual allegations. Compl., p. 1. Ice Box, Inc. is not mentioned in the caption, is not described as a party, nor is it included in Plaintiff's factual allegations. Also, the records of the New York Secretary of State, of which this Court is permitted to take judicial notice,[1] reveal that Ice Box, Inc. is not a legal d/b/a of Icebox-Scoops, Inc., as required under New York law. New York Gen. Bus. Law § 130(b)(1) provides, in relevant part: "no person shall… (i) carry on or conduct or transact business in this state under name or designation other than his or its real name… unless (b) such a person, if a corporation… shall file, together with the fees as set forth in subdivision five of this action, in the office of the secretary of state a certificate setting forth the name or designation under which business is carried on or conducted or transacted, its corporate, limited partnership or limited liability company name, the location, including number

---

[1] See Munno v. The Town of Orangetown, 391 F.Supp.2d 263, 268 (S.D.N.Y. 2005) (the court may take judicial notice of public records and of admissions in pleadings and other documents in the public record filed by a party) (citing Harris v. New York State Dep't of Health, 202 F.Supp.2d 143, 173 (S.D.N.Y.2002); see also Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir.1991) (taking judicial notice on Rule 12(b)(6) motion of public documents filed with SEC and noting that 'it is highly impractical and inconsistent with Federal Rule of Evidence 201 to preclude a district court from considering such documents when faced with a motion to dismiss.')).

and street, if any, of its principal pace of business in the state, the name of each county in which it does business or intends to do business...."[2]

Plaintiff cites to several cases in support of its argument that the Court should simply ignore the disparity between Plaintiff's name and that of Ice Box, Inc. However, the misnomer cases relied upon by Plaintiff are inapposite, and involve actions wherein a party sought to avoid or impose liability based on a difference between the opposing party's formal name and the name it used in commerce. See Spanierman Gallery v. Love, 320 F.Supp.2d 108, 111 (S.D.N.Y. 2004) (rejecting argument that omission of the word "Inc." subjected business owner to personal liability); Hellenic Lines Limited v. Winkler, 249 F.Supp. 771, 775 (S.D.N.Y. 1966) (post-judgment analysis of whether defendant should be personally liable for judgment against his company because, *inter alia*, the initials "I.T.C." were omitted from corporate entity name on agreement); Underpinning & Foundation Constructors, Inc. v. United State Fidelity and Guaranty Company, 325 F. Supp.2d 194 (E.D.N.Y. 2004) (rejecting defendant's denial of existence of a contract based on misnomer); Mail and Express Company, Inc. v. Parker Axles, Inc., 204 A.D. 327, 328 (1st Dep't 1923) (defendant sought to avoid liability based on the fact that the company's d/b/a was used in an agreement);[3] Public Industrials Corp. v. Reading

---

[2] A print out from the New York State Department of State website, printed August 1, 2008, reflecting Plaintiff's registration with the New York State Department of State, Division of Corporations, is attached as Exhibit 1.

[3] In support of its argument that it is a proper party to assert claims under the Agreement, Plaintiff cites to a number of United States District Court cases applying the substantive law of New York. As set forth in Defendant Finanz St. Honore B.V.'s Memorandum of Law in Support of its Motion to Dismiss the Complaint Under Fed. R. Civ. P. 12(c), dated June 30, 2008 ("Finanz's Memorandum in Support"), Paragraph 16.3 of the Agreement (Compl., Ex. A) provides for the application of Pennsylvania law to the

> ... interpretation, performance, operation, rights and remedies relating to, and the legal effect of this Agreement, including its termination or cancellation, shall be construed pursuant to and governed by the laws of the State of Pennsylvania and the United States of America, without reference to conflicts of laws principles.

Accordingly, the substantive law to be applied is Pennsylvania law.

3

Hardware Co., 29 F.2d 975, 976 (3d Cir. 1929) (omission of the word "The" from corporate name insufficient to avoid liability); Berks & Dauphin T'pke Road v. Myers, 1820 WL 1885, at *4 (Pa. 1820)(modification of plaintiff's name from how it appeared in prior settlement agreement by and among the same parties to the current litigation was of no moment).

A threshold issue in this action (and every action) is whether a party seeking judicial resolution of a controversy has standing to maintain the action. See Detweiler v. Nationwide Ins. Co., 2000 WL 1612038, at *1 (E.D. Pa.) (applying Pennsylvania law; plaintiff lacked standing to sue for breach of contract where plaintiff was neither a party nor third party beneficiary to contract) (citing Electron Energy Corp. v. Short, 408 Pa. Super. 563, 597 A.2d 175, 177 (Pa.Super.Ct. 1991)). The parties to the Agreement are Finanz and Ice Box, Inc. Notices under the Agreement were required to be given to Ice Box, Inc. -- not Plaintiff. See Compl. Ex. A, ¶ 16.7. The correspondence between the parties and their lawyers refer to Ice Box, Inc., not Plaintiff. See Affidavit of Isaac Cohen in Support of Defendant Finanz St. Honore B.V.'s Rule 12(c) Motion to Dismiss the Complaint ("Cohen Aff."), Exs. 1, 2. Notwithstanding Plaintiff's self-serving contentions to the contrary, Icebox-Scoops has no standing to assert the claims set forth in the Complaint.

## POINT II

### THE MERGER CLAUSE CONTAINED IN THE AGREEMENT BARS PLAINTIFF'S FRAUD CLAIMS

In an attempt to avoid the Agreement's merger clause, Plaintiff argues that its fraud claims should not be dismissed because (i) it is allegedly based on statements made after the Agreement was entered into and (ii) its fraudulent inducement claim is allegedly not precluded by the merger clause. However, as discussed below, Plaintiff's argument of reliance on post-contract statements is inconsistent and contradicted by the factual allegations of the Complaint.

4

In addition, Plaintiff's claim that its fraudulent inducement claim survives the merger clause contained in the Agreement is based on an alleged exception limited to the employment context, where, as a matter of public policy, courts have recognized the need to consider the disparity in the respective bargaining positions of employers and employees.

A.      **There is No Basis for Plaintiff's Claim of Post-Contract Fraudulent Inducement**

Plaintiff's Opposition wrongly contends – without legal support – that the Complaint sets forth a cause of action for fraud based on statements made by Defendants <u>after</u> the Agreement was executed. Parsing the language of <u>Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.</u>, 246 F. Supp. 2d 394 (E.D. Pa. 2002), Plaintiff notes that a merger clause precludes reliance on any representation made <u>before</u> an Agreement is executed. <u>See</u> Opp'n Mem., at pp. 12-13. However, Plaintiff's semantic argument is defeated by the fact that justifiable reliance is among the essential elements of fraud. <u>See</u> <u>Gibbs v. Ernst</u>, 538 Pa. 193, 207-8, 647 A.2d 882, 889 (1994) (to state a claim for common law fraud plaintiff must establish… justifiable reliance on the misrepresentation, and resulting injury proximately caused by the reliance) (citing the Restatement (Second) of Torts § 525 (1977)).

According to the Complaint, Defendants made certain representations – directly related to and concerning the Agreement, both during and after the negotiation thereof. <u>See</u> Compl., ¶¶ 12-16. However, Plaintiff fails to establish how its purported reliance on the alleged misrepresentations caused injury to Plaintiff beyond its breach of contract claim. Moreover, in "reliance" on the alleged misrepresentations, Plaintiff asserts that it "expended extensive time, and subsequent expense, to design and develop TINKERBELL® products in International Class 3, and to market, promote, and offer them for sale…." Compl., ¶ 18. The foregoing are among the licensee's obligations under the Agreement. <u>See</u> Compl., Ex. A., pp. 4-6. Plaintiff cannot establish the requisite reliance for fraud where, as here, in purported reliance on Defendants'

5

post-Agreement statements, Plaintiff merely claims to have performed as required under the Agreement.

Further, Plaintiff's post-contract reliance is inconsistent with its estoppel claims and its prayer for injunctive relief. Compl., ¶¶ 63-73 (seeking to enjoin Defendants from transferring, selling or taking any other action with respect to the TINKERBELL® trademark… (Compl., ¶ 68); seeking specific performance under the Agreement (Compl., ¶ 73)).[4]

**B.     The Merger Clause Precludes Plaintiff's Fraudulent Inducement Claim**

Plaintiff contends that there is an applicable exception under Pennsylvania law to the merger clause's preemption of its fraudulent inducement claims. However, as acknowledged by Plaintiff, the exception exists in employment law cases, where the courts have a particular concern regarding a disparity in bargaining power. See Opp'n Mem., at p. 15; Martin v. Hale Products, Inc., 699 A.2d 1283, 1287 (Super. Pa. 1997) (claim of fraud in the inducement *to accept employment* is separately cognizable as a cause of action sounding in tort) citing Lokay v. Lehigh Valley Cooperative Farmers, Inc., 342 Pa. Super. 89, 98, 492 A.2d 405, 410 (1985) (tort action grounded on an assertion of fraudulent inducement *to accept employment* is distinct from and does not depend upon a wrongful discharge claim or breach of employment contract claim). Indeed, in Lokay, upon which Plaintiff relies, the Pennsylvania Superior Court held that "**in an employment context** lost future income is in fact what the plaintiff loses when he is induced to leave an otherwise on-going position; this is not the archetypal fraud fact-pattern…." Lokay v. Lehigh Valley Cooperative Farmers, Inc., 342 Pa. Super. at 100, 492 A.2d at 410 (citations

---

[4] Plaintiff's allegation that it has no adequate remedy at law (Compl., ¶ 70) is without merit because if Plaintiff is deemed a proper party, and is successful in demonstrating its claims, Plaintiff may recover monetary damages on its claims that survive this motion.

6

omitted) (emphasis supplied). To state the obvious, this action is not in the employment context.[5]

Plaintiff's reliance on Betz Laboratories, Inc. v. Hines, 647 F.2d 402 (3d Cir. 1981), a case that concerns a limited "fraud exception" to the parol evidence rule, is also misplaced. First, Betz is limited to residential real estate, where defects in the property are hidden and not readily discoverable during a buyer's inspection. See Sunquest Information Systems, Inc. v. Dean Witter Reynolds, Inc., 40 F.Supp.2d 644, 655 (W.D. Pa. 1999) (citations omitted) (noting cases discussing the Betz line of authority; "[t]hese cases are *sui generis* within that context… and have no applicability when residential real estate is not involved." Id. (citing HCB Contractors v. Liberty Place Hotel Assocs., 539 Pa. 395, 652 A.2d 1278 (1995); 1726 Cherry St. Partnership v. Bell Atl. Properties, Inc., 439 Pa.Super. 141, 653 A.2d 663, 669-70 n. 6 (1995))

Second, the legal significance of Betz, even in the real estate context, is questionable. In Sunquest, the District Court for the Western District of Pennsylvania questioned the continuing relevance of Betz in light of the Pennsylvania Supreme Court's opinion in HCB Contractors v. Liberty Place Hotel Assocs. and the Pennsylvania Superior Court's opinion in 1726 Cherry St. Partnership v. Bell Atl. Properties, Inc., which were decided on the same day. In 1726 Cherry St., the Superior Court recognized Betz as having reached a contradictory result (1726 Cherry St., 439 Pa.Super. at 151, 653 A.2d at 668 n.4), and dismissed a claim of fraud in the real estate context. See 1726 Cherry St., 439 Pa.Super. at 154, 653 A.2d at 670. "That observation [by the

---

[5] Notably, even if Lokay and its progeny were applied outside of the employment context, which they are not, they would not create an exception to the merger clause. Rather, they create an exception – in the employment context – to Pennsylvania's "gist of the action" doctrine. Likewise, Plaintiff's reliance on the Second Circuit's holding in Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d 13, 20 (2d Cir. 1996) in support of its argument that its fraud claims are not barred by the merger clause is perplexing. Bridgestone stands for the principal that intentionally-false statements made by one party concerning his intent to perform under an agreement does not support a claim for fraud under New York law. See Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc., 98 F.3d at 20 (reversing fraud judgment where basis of plaintiff's recovery was misstatements made by defendant's representative in an attempt to "lull" plaintiff into a false sense of security) (citations omitted).

Superior Court], particularly when coupled with the similar holding of the [Pennsylvania Supreme Court] in HCB issued the same day, completely undermines whatever predictive value Betz may have had." Sunquest Information Systems, Inc. v. Dean Witter Reynolds, Inc., 40 F.Supp.2d at 656.

## POINT III

## PENNSYLVANIA'S GIST OF THE ACTION AND ECONOMIC LOSS DOCTRINES REQUIRE DISMISSAL OF PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS

Where, as here, the purported misrepresentations are directly related to the performance of a contract, the "gist of the action" doctrine bars claims for allegedly tortious conduct. NWJ Property Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *3-4 (E.D. Pa. 2004); Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d 394, 402. Plaintiff seeks to avoid the "gist of the action" doctrine by baldly asserting that its fraud and misrepresentation claims are based on separate and independent courses of conduct from its contract claim. However, the Complaint – and not Plaintiff's self-serving Opposition – should be used to define whether Plaintiff's fraud and misrepresentation claims are truly independent of its contract claims.

The gravaman of Plaintiff's Complaint is whether Finanz wrongly terminated the Agreement, and whether Plaintiff is entitled to the benefit it claims it has been deprived of as a result of the termination of the Agreement. In its Complaint, Plaintiff claims that Defendants misrepresented that they would enforce and defend the trademark at issue against interference – from Disney or otherwise – and that Defendants were "prepared to license the Trademark to [Ice Box] for a minimum period of two (2) years, renewable at [Ice Box's] option for an additional three years, provided [Ice Box] was successfully selling and marketing the TINKERBELL® branded products." Compl., ¶¶ 42, 44, 51 and 65. These allegations speak directly to the terms

8

and performance of the Agreement,[6] and not to any "social policy" to prevent "sham dealings." Opp'n Mem., at p. 18. Accordingly, Plaintiff's fraud and misrepresentation claims are barred by the "gist of the action" doctrine. See Galdieri v. Monsanto Co., 245 F.Supp.2d 636, 650 (E.D. Pa. 2002) (dismissing plaintiff's fraudulent inducement claim under Pennsylvania's "gist of the action" doctrine where alleged fraud was that defendant never intended to perform); NWJ Property Management, LLC v. BACC Builders, Inc., 2004 WL 2095446, at *3-4 (E.D. Pa. 2004) ("gist of the action" doctrine applied to fraudulent inducement claims where false promise becomes an obligation under the ensuing contract) (citations omitted); see also Blue Mountain Mushroom Co., Inc., 246 F.Supp.2d at 402 (economic loss doctrine holds that negligence theories "do not apply to actions between commercial enterprises where the only damages suffered are economic losses."(citation omitted)).

## POINT IV

## PLAINTIFF'S ESTOPPEL AND QUASI-CONTRACT CLAIMS ARE BARRED BY THE AGREEMENT

### A.   Plaintiff's Unjust Enrichment And Promissory Estoppel Claims Must Be Dismissed

In its Opposition, Plaintiff mischaracterizes its unjust enrichment and promissory estoppel claims in an attempt to avoid the limitation on quasi-contract claims where a written contract exists. Plaintiff falsely describes its unjust enrichment claim as one that "does not seek damages under the Licensing Agreement." Opp'n Mem., at p. 21. However, the Complaint clearly alleges that "in reliance upon *the terms and conditions of the Licensing Agreement...*"

---

[6] As noted in Finanz's Memorandum in Support, the Agreement specifies the duration thereof as follows:

> This Agreement shall take effect as of March 1, 2005, and shall remain in force thereafter through February 28, 2007, *unless earlier terminated in accordance with the provisions of this Agreement.* Thereafter, Licensee shall be permitted to renew under the same terms of this Agreement for a period of one (1) year, up to a maximum of three times (for a total of three years) so long as Licensee has met the minimum sales requirements stated herein in Section 8.1, has paid royalties equal to at least the Guaranteed Royalty stated in Section 9.1, *and is not otherwise in default of this Agreement.* (Emphasis added) Compl., Ex. A, ¶ 6.

9

Plaintiff expended "significant amounts of time and effort developing products for sale under the TINKERBELL® trademark..." and that Defendants "prevented [Plaintiff] from realizing any revenue as a result of its effort and expense." (Emphasis added) Compl., ¶¶ 58, 60. The foregoing establishes that but-for Finanz's termination of the Agreement – to wit, its purported breach thereof – Plaintiff claims that it would have realized the value of the Agreement.[7] Plaintiff may not now recast its own allegations as something other than what they are – here, a claim for relief based on the Agreement. Plaintiff's citation to Mitchell v. Moore, 729 A.2d 1200, 1203 (Pa. Super. 1999) is not only misplaced, but actually misleading. In Mitchell, plaintiff, a former life partner of a farm owner, brought an action against the owner, with whom plaintiff resided for over 13 years, for quantum meruit/unjust enrichment and implied contract, seeking restitution for services rendered. In that context, while not attempting to "characterize the services rendered in all unmarried couple's relationships as gratuitous," the Superior Court reversed the trial court's award in plaintiff's favor for unjust enrichment. Mitchell v. Moore, 729 A.2d at 1206. Plaintiff fails to cite to any case wherein quasi-contractual claim was upheld in the face of an enforceable agreement.

Plaintiff attempts to save its promissory estoppel claim by, once again, pointing to the Defendants' alleged post-contract representations. As with fraud claims, however, reasonable reliance is a required element for a claim of promissory estoppel. Thompson v. Schriver, 2002 WL 31661603 (Pa. Com. Pl.), 57 Pa. D&C 4th 157, 162-3 (prima facie requirement of an action for promissory estoppel is reasonable and foreseeable reliance on the promise). Faced with an

---

[7] Plaintiff falsely asserts that its claim for unjust enrichment is not challenged by Finanz. Opp'n Mem., at p. 17. Finanz's Memorandum in Support clearly challenges Plaintiff's unjust enrichment claim. See Finanz's Memorandum in Support, at pp. 13-14. Plaintiff also falsely asserts that its breach of contract claim is unchallenged by Finanz. As set forth in Finanz's Motion, Finanz challenges Plaintiff's breach of contract claim on the grounds that Plaintiff is not a proper party under the Agreement. See Finanz's Memorandum in Support, at pp. 5-6; see also Cohen Aff., at ¶¶ 4-5.

Agreement that requires Plaintiff (assuming it is a party to the Agreement) to act, Plaintiff may not contend that it reasonably relied on post-contract promises to act.

Plaintiff does not contest the essential law that where, as here, there is an express contract concerning the same subject matter upon which party seeks relief, a quasi-contract claims does not lie.[8] See Lackner v. Glosser, 892 A.2d 21, 34 (Pa. Super 2006) (dismissing unjust enrichment: "[B]y its nature, the doctrine of quasi-contract or unjust enrichment is inapplicable where a written or express contract exists.") (citation omitted); Synesiou v. Designtomarket, Inc., 2002 WL 501494, at *4 (E.D. Pa. 2002) (unjust enrichment and promissory estoppel have no application where parties have entered into an enforceable agreement)); Harold v. McGann, 406 F.Supp.2d 562, 578 (E.D. Pa. 2005) (equitable claims not viable because parties' relationship is govern by written contract) (citations omitted); see also Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d at 407-8 (promissory estoppel claim rejected where plaintiff's interests are protected by contract with full consideration) (citing Carlson v. Arnot-Ogden Memorial Hosp., 918 F.2d 411, 416 (3d Cir. 1990) (where the parties formed an enforceable contract, relief under promissory estoppel claim is unsupported under Pennsylvania contract law)).

Accordingly, Plaintiff's quasi-contract claims, including its claim for unjust enrichment, must be dismissed.

**B.     Plaintiff Has Not Stated a Claim For Equitable Estoppel**

Plaintiff's unsupported contention that equitable estoppel is "available even in the face of an express contract," is simply false. See Opp'n Mem., at p. 23. The sole case cited by Plaintiff, Makoroff v. Dep't of Transportation, 938 A.2d 470 (Pa. Cmwlth. 2007), does not support this

---

[8] See Opp'n Mem., at p. 22.

11

proposition. In Makoroff, the Court rejected a claim of equitable estoppel after upholding a decision by the Board of Claims that no contract existed between the parties. In order to assert a claim for equitable estoppel, a party must demonstrate: (i) misleading words, conduct, or silence by the party against whom the estoppel is asserted; (ii) unambiguous proof of reasonable reliance upon the misrepresentation by the party asserting the estoppel; and (iii) the lack of a duty to inquire on the party asserting the estoppel. Makoroff v. Dep't of Transportation, 938 A.2d at 473 (citing City of Scranton v. Heffler, 871 A.2d 875, 881-82 (Pa. Cmwlth. 2005)). As set forth in Finanz's Memorandum in Support, any purported reliance on statements or claims allegedly made by Finanz are precluded by the existence and terms of the Agreement. See Finanz's Memorandum in Support, at pp. 6-9. Accordingly, Plaintiff's equitable estoppel claim must be dismissed.

## POINT V

## PLAINTIFF'S FRAUD AND MISREPRESENTATION CLAIMS FAIL TO COMPLY WITH RULE 9(B)

Plaintiff attempts to avoid the requirements of Fed. R. Civ. P. 9(b) to plead fraud with sufficient particularity by simply referring the Court to a letter (Compl., Ex. B) without actually designating which of the statements in the letter are alleged to be false and/or misleading. Opp'n Mem., at p. 20. Also, Plaintiff asserts that the post-agreement statements made by Defendants – presumably in the letter (Compl., Ex. B) – are attributable to both Finanz and Dana because of "the inter-relationship of the companies" and their "joint officer," Al Cowger. Id. These bald allegations simply do not suffice as to as to put each of the Defendants on notice of the precise misconduct at issue. See Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986) (Rule 9(b) requires that allegations of fraud specify, time, place, speaker and content of the alleged fraudulent statement); see also Apace Communications Ltd. v. Burke, 522 F.Supp.2d 509, 519 (W.D.N.Y.

2007) (dismissing, *inter alia*, negligent misrepresentation claim, "which must be pled in accordance with the specificity criteria of Rule 9(b)") (citing <u>Aetna Cas. And Sur. Co., v. Aniero Concrete Co.</u>, 404 F.3d 566, 583 (2d Cir. 2005) (affirming dismissal of claim for negligent misrepresentation for failure to comply with Rule9(b)).

Accordingly, Plaintiff's fraud and negligent misrepresentation claims must be dismissed for failure to comply with rule 9(b)).

## CONCLUSION

For the foregoing reasons and the reasons set forth in Finanz's Motion, the Complaint should be dismissed.

Dated: New York, New York
August 4, 2008

                                          Respectfully Submitted,

                                          MOSES & SINGER LLP
                                          *Attorneys for Defendant*
                                          *Finanz St. Honore B.V.*

                                          By: _____
                                              Philippe Zimmerman (PZ 7744)
                                             Jennifer Nigro (JN 3584)

                                          The Chrysler Building
                                          405 Lexington Avenue
                                          New York, New York 10174-1299
                                          Tel: (212) 554-7800
                                          Fax: (212) 554-7700
                                          pzimmerman@mosessinger.com
                                          jnigro@mosessinger.com

# EXHIBIT 1

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: ICEBOX-SCOOPS INC.

Selected Entity Status Information

**Current Entity Name:** ICEBOX-SCOOPS INC.
**Initial DOS Filing Date:** SEPTEMBER 11, 2000
**County:** NEW YORK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
ICEBOX-SCOOPS INC.
C/O MAYER & COMPANY, CPA'S
14 PENN PLAZA, SUITE 1902
NEW YORK, NEW YORK, 10122

**Chairman or Chief Executive Officer**
ISAAC GINDI
11 PENN PLAZA
STE 930
NEW YORK, NEW YORK, 10001

**Principal Executive Office**
ISAAC GINDI
2126 E 7TH ST
BROOKLYN, NEW YORK, 11223

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results　　　New Search

Division of Corporations, State Records and UCC Home Page　　　NYS Department of State Home Page