UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
:
ICEBOX-SCOOPS, INC.,                                    :
:
                            Plaintiff,   :   Civil Action No.:  07-cv-0544
:
         -- against --                         :
:
FINANZ ST. HONORE, B.V., and            :
DANA CLASSIC FRAGRANCES, INC.,   :
:
                         Defendants.    :
:
--------------------------------------------------------x

## [PROPOSED] AMENDED COMPLAINT

Plaintiff Icebox-Scoops, Inc., doing business as Ice Box, Inc. ("Icebox"), by its attorneys, and for its complaint against Defendants Finanz St. Honore, B.V. ("Finanz") and Dana Classic Fragrances, Inc. ("Dana") (Finanz and Dana are hereinafter, at times, collectively referred to as "Defendants"), alleges as follows:

### Nature of the Action

1. This action, for breach of contract, fraud and related claims, arises from Defendants' licensing to Plaintiff of the trademark TINKERBELL® under International Class 3 for, *inter alia*, fragrances, cosmetics products, bath and body products, and related uses, pursuant to a licensing agreement, dated as of March 1, 2005 (the "Licensing Agreement"). Defendants' fraud in the inducement of the Licensing Agreement, and their subsequent bad faith breach of the Licensing Agreement was maliciously calculated to deprive Plaintiff of any and all benefits that were to accrue to it thereunder.

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, and in which a citizen or subject of a foreign state is a party.

3.      This Court has personal jurisdiction over Defendants pursuant to the terms and conditions of the Licensing Agreement, which provides that all parties consent to the jurisdiction, *inter alia*, of the state and federal courts in New York, and pursuant to CPLR 302(a) because, upon information and belief, Defendants transact business in New York, and/or because they committed torts within the State of New York, or which had effects within the State of New York, and because the actions complained of herein took place within the State of New York, and to the extent they occurred outside New York, Defendants knew or should have known that these acts had effects on business transactions within this State.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendant Finanz is an alien, and may be sued in any district, and because Defendants have consented to, and waived all objections with respect to, personal jurisdiction and venue in this District pursuant to the Licensing Agreement, and because a substantial part of the acts and omissions of Defendants complained of herein took place in this District.

## Parties

5. Plaintiff Icebox is a corporation incorporated under the laws of the State of New York, having its principal place of business at 2126 East 7th Street, Brooklyn, New York. Icebox, among other things, sells cosmetics, bath and body products, and other related products.

6. Upon information and belief, Defendant Finanz is a Netherlands corporation with a registered office at Rokin 55, 1012 KK Amsterdam, The Netherlands. Upon information and belief based upon its repeated representations to Plaintiff, at all times relevant to this action, Finanz was the owner of the registered trademarks TINKERBELL® under International Class 3 for, *inter alia*, fragrances, cosmetics products, bath and body products, and related uses.

7. Upon information and belief, Defendant Dana is a corporation incorporated under the laws of the State of Delaware, having a place of business at 395 Oak Hill Road, Mountaintop, Pennsylvania. Dana is an affiliate, or alter ego of Finanz; Defendants are, and act as, related and interchangeable companies, and Defendants have actual and apparent authority to act for each other, and so acted at all times relevant to this action.

8. At all times relevant to this action, Dana was responsible for the administration of the Licensing Agreement at issue.

9. During the negotiations that led to the execution of the Licensing Agreement, and in subsequent attempts, in the fall of 2005 and winter of 2005-06, to settle this dispute after Defendants' breach, Dana and Finanz acted as one and spoke for each other.

## General Factual Allegations

10. In March 2005, Icebox and Finanz executed the Licensing Agreement, which, *inter alia* licensed the trademark TINKERBELL® to Icebox. A copy of the Licensing Agreement is attached hereto as Exhibit A, and is incorporated herein by reference.

11. Pursuant to the Licensing Agreement, Finanz granted Icebox the exclusive rights to the trademark TINKERBELL® under International Class 3 for, *inter alia*, fragrances, cosmetics products, bath and body products, and related uses. The grant included the exclusive right to use, import, manufacture, distribute, offer for sale, and sell TINKERBELL® products in the licensed territory, which was defined as worldwide.

12. In both the negotiations leading to the execution of the Licensing Agreement, and in response to Icebox's concerns, expressed after the Licensing Agreement was executed, Defendants represented and warranted that: (a) Finanz owned the Licensed Trademarks and Related Intellectual Property, as defined and set forth in the Licensing Agreement, including the right to grant the license set forth therein; (b) there were no pending or threatened actions involving the Licensed Trademarks and Related Intellectual Property; (c) to the best of its knowledge and that of its affiliates, the Related Intellectual Property was not an infringement of the intellectual property rights of any third party (whether those of Disney Enterprises, Inc. and its affiliated companies (collectively, "Disney"), or otherwise); and (d) it would maintain the rights being licensed in good standing and in force.

13. During the negotiations leading to the execution of the Licensing Agreement, and thereafter, Defendants further represented that they would stand by their

trademark rights, and would not allow Disney, or anyone else, to interfere with, or impede, Icebox's sales of TINKERBELL® products.

14. Specifically, in response to Icebox's concerns, Defendants represented in writing that: (a) they, or their predecessors-in-interest, had owned the TINKERBELL® trademark under International Class 3 for over 50 years; (b) they had had previous litigation with Disney, and others, with respect to the ownership of the mark and that the results of the litigation were satisfactory to Defendants; (c) Defendants retained good title to the trademark; (d) all litigation with Disney with respect to Class 3 and related uses was settled pursuant to the terms and conditions of a permanent settlement agreement, and that the permanent settlement agreement prohibited Disney from asserting any claims to the trademark in International Class 3 in the future; and (e) Defendants would enforce their trademark rights and defend any future claims against the trademark that may be asserted by Disney, or any other party.

15. A true and correct copy of the aforementioned written representations, embodied in a letter sent by Defendants in May 2005, is annexed hereto as Exhibit B.

16. The aforementioned representations, made at various times, orally and in writing, were made for the specific purpose of inducing Plaintiff to enter into the Licensing Agreement, and to perform and continue to perform thereunder.

17. Defendants further represented that they would not terminate the Licensing Agreement and the license granted thereunder, even if they decided to sell the assets or stock of Finanz.

18. Pursuant to the Licensing Agreement, and in reliance upon the aforesaid representations, Icebox expended extensive time, and substantial expense, to design and develop TINKERBELL® products in International Class 3, and to market, promote, and offer them for sale in interstate and international commerce.

19. Furthermore, in connection therewith, Icebox increased the value of the TINKERBELL® trademark by promoting and commercializing it in interstate commerce.

20. In approximately mid to late 2005, Defendants entered into negotiations with Disney for the purpose of selling to Disney the trademark rights in the TINKERBELL® trademark, in breach of the Licensing Agreement, and in contravention of the affirmative representations made to Plaintiff by Defendants.

21. Upon information and belief, the negotiations between Defendants and Disney were intended to include sale to Disney of Icebox's rights – *i.e.*, the rights in International Class 3 and related uses, that had been granted by Defendants to Icebox under the Licensing Agreement.

22. Upon information and belief, in furtherance of their scheme to sell to Disney the rights they had licensed to Icebox, Defendants, on or about October 31, 2005, purported to terminate the Licensing Agreement, in breach thereof, and contrary to the provisions of the Licensing Agreement that specified that it would remain in effect for a period of two (2) years, and Icebox would then have the option of renewing the Licensing Agreement for three (3) additional one-year periods, provided that Icebox met its minimum sales requirements as defined therein.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

23. Icebox repeats and realleges each and every allegation previously set forth, as if fully set forth herein.

24. On or about October 31, 2005, Defendants sent a letter to Icebox purporting to immediately terminate the Licensing Agreement, including all of the TINKERBELL® licensed trademark rights previously granted to Icebox.

25. This purported termination was in disregard of Icebox's rights under the Licensing Agreement, and in breach thereof.

26. As of the date of the purported termination, Icebox had complied with each obligation required of it pursuant to the Licensing Agreement.

27. Moreover, the Licensing Agreement expressly provided that Icebox would receive notice of any alleged breaches, including a sixty (60) day notice period in which to cure alleged breaches, prior to termination of the Licensing Agreement.

28. In breach of this provision of the Licensing Agreement, Defendants purported to terminate it immediately, without providing Icebox with the requisite notice and an opportunity to cure.

29. Although Defendants' termination letter alleged that Icebox was in breach of the Licensing Agreement with no opportunity to cure, in reality, Defendants sought to terminate the Licensing Agreement to permit them to negotiate with Disney over Icebox's licensed trademark rights.

30. On November 3, 2005, Icebox's counsel responded to the termination letter, notifying Defendants that the asserted termination was improper, and that their conduct was in bad faith.

31. Icebox's counsel further notified Defendants of their own numerous violations of the Licensing Agreement, and demanded that Defendants cure those violations.

32. On March 13, 2006, Icebox's counsel again wrote to Defendants' general counsel regarding Defendants' violations of the Licensing Agreement, and once again demanded that Defendants cure those violations.

33. Defendants have taken no action to cure their violations of the Licensing Agreement, or to rescind their prior termination letter.

34. Upon information and belief, Defendants, in disregard of their contractual obligations to Icebox, subsequently sold the TINKERBELL® trademark for International Class 3 and related uses to Disney, which, upon information and belief, has then licensed the trademark to another manufacturer and distributor which is currently exploiting the trademark.

35. Defendants' notice of termination of the Licensing Agreement was issued in bad faith; Defendants' subsequent sale of the trademark was in bad faith; and these actions were calculated to deprive Icebox of the benefits it was to receive pursuant to the Licensing Agreement, including, without limitation, the profits it would have been able to generate from sales of the TINKERBELL® licensed products during the term of the Licensing Agreement, and any subsequent renewal of that agreement.

36. As a result of the conduct described above, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than $5 million.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty)

37. Icebox repeats and realleges each and every allegation previously set forth, as if fully set forth herein.

38. Defendants' actions were in violation of their warranties set forth in the Licensing Agreement.

39. Defendants' actions were also contrary to, and in violation of, the specific representations and warranties made to Icebox, orally and in writing, before and after the execution of the Licensing Agreement.

40. As a result of the conduct described above, Icebox has been damaged in an amount to be proven at trial, but in no events less than $5 million.

## THIRD CLAIM FOR RELIEF
### (Fraud)

41. Icebox repeats and realleges each and every allegation previously set forth, as if fully set forth herein.

42. Defendants repeatedly represented to Icebox, orally and in writing, prior and subsequent to the execution of the Licensing Agreement, that (a) they owned the TINKERBELL® trademark in International Class 3; (b) Disney could not, by virtue of its prior settlement with Defendants, assert any claim with respect to the trademark in International Class 3; (c) Defendants were ready, willing, and able to enforce and defend the trademark they licensed to Icebox against any interference with that trademark, from Disney or otherwise; and

(d) Defendants were prepared to license the trademark to Icebox for a minimum period of two (2) years, renewable at Icebox's option for an additional three (3) years, provided Icebox was successfully selling and marketing TINKERBELL® branded products.

43. Defendants' specific misrepresentations, along with the time, manner, and substance of those misrepresentations, are set forth in paragraphs 12 through 17, and 22 above.

44. These representations were false in that Defendants misrepresented their willingness to defend the TINKERBELL® trademark against any and all claims; their willingness to enforce their rights in the TINKERBELL® trademark; and their intentions to allow Plaintiff's license to remain in effect for at least two (2) years, and to renew the license for an additional three (3) years if Plaintiff was successfully selling and marketing TINKERBELL® branded products.

45. The aforementioned representations were false when they were made, and made for the exclusive purpose of inducing Icebox to enter into the Licensing Agreement, and to perform thereunder.

46. Icebox reasonably relied upon these representations to its detriment by, *inter alia*, developing products to be sold under the TINKERBELL® trademark, and offering these products for sale.

47. By reason of Defendants' conduct set forth above, Icebox has suffered damages in an amount to be proven at trial, but in no event less than $5 million.

48. Defendants' conduct was willful, wanton, and malicious, without regard to Icebox's rights.

49. As a result, Icebox is entitled to punitive damages in an amount to be determined at trial, but in no event less than $15 million.

## FOURTH CLAIM FOR RELIEF
**(Promissory Estoppel)**

50. Icebox repeats and realleges each and every allegation previously set forth, as if fully set forth herein.

51. Defendants made repeated promises and representations to Icebox which they should reasonably have expected to induce action or forbearance on the part of Icebox, and which in fact induced such action or forbearance.

52. Accordingly, Defendants' promises to keep the Licensing Agreement in force for a minimum of two (2) years, and to renew the license for an additional three (3) years, provided that Icebox successfully sold and marketed TINKERBELL® branded products, and to maintain and fully enforce and defend its rights in the TINKERBELL® trademark against Disney, or any other party, should be made binding, as injustice can be avoided only by enforcement of those promises to Icebox.

53. Icebox has no adequate remedy at law.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Icebox demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff Icebox prays that Judgment be entered in its favor, and against Defendants, as follows:

(a) On the first claim for relief, damages in an amount to be proven at trial, but in no event less than $5 million;

(b) On the second claim for relief, damages in an amount to be proven at trial, but in no event less than $5 million;

(c) On the third claim for relief, damages in an amount to be proven at trial, but in no event less than $5 million in compensatory damages, and $15 million in punitive damages;

(d) On all claims for relief, restitution, including, disgorgement of Defendants' profits;

(e) On all claims for relief, Icebox's costs of bringing this action, including reasonable attorneys' fees;

(f) On all claims for relief, such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 7, 2007

_____
Morris E. Cohen (MC-4620)
Lee A. Goldberg (LG-9423)
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 4th Floor
New York, New York 10019
Telephone: 646-380-2087
Facsimile: 646-514-2123
MCohen@GoldbergCohen.com
LGoldberg@GoldbergCohen.com