**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ICEBOX-SCOOPS, INC.,

                Plaintiff,

                                              **ORDER**
                                               CV 07-0544 (NG)

    -against-


FINANZ ST. HONORE, B.V. and DANA
CLASSIC FRAGRANCES, INC.,

                Defendants.
------------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

      Plaintiff Icebox-Scoops, Inc. brings this action against defendants Finanz St. Honoré, B.V. ("Finanz") and Dana Classic Fragrances, Inc. ("Dana") (together "defendants") alleging that Finanz breached a licensing agreement between plaintiff and Finanz and that both defendants committed various torts. The underlying facts and contentions of the parties are set forth in detail in an Opinion and Order previously entered by United States District Judge Gershon, Docket Entry 47, and are therefore not recounted here.

      Plaintiff has filed a letter motion to compel disclosure of documents withheld by defendants on grounds of attorney-client privilege. Pl.'s Letter dated Sept. 7, 2012, Docket Entry 87. Plaintiff contends that defendants waived their attorney-client privilege when they permitted their in-house counsel, Alfred Cowger, to testify at his deposition about conversations he had participated in with defendants' CEO, Isaac Cohen. Defendants counter that the communications described by Cowger in his testimony were not privileged and that disclosure of those communications therefore does not constitute a waiver.

      Not all attorney-client communications are privileged. Rather, the privilege applies only to communications that are intended to secure or provide "either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984), quoting *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358-59 (D. Mass. 1960). Moreover, when, as here, the attorney at issue serves as in-house counsel, a court should be "mindful"

that the attorney will likely have "responsibilities outside the lawyer's sphere" and apply the privilege only to advice shown to have been given "in a professional legal capacity." *Id.* Thus, communications concerning business advice are not privileged, even if had with an attorney.

  Plaintiff points to several statements made by Cowger during his deposition and asserts that they reveal communications involving legal advice. A careful reading of the testimony cited by plaintiff, however, fails to establish that any legal advice or otherwise privileged communication was revealed. For example, plaintiff highlights Cowger's testimony that Cohen came back from a meeting with a buyer from Albertsons, furious that Albertsons had placed an order with plaintiff for Tinkerbell products and complaining that plaintiff was ruining defendants' business. Cowger Dep., Docket Entry 87-1, at 108-09. Clearly, no legal advice was sought or provided during this exchange. Cowger further testified that he responded by stating that defendants should see "if there's any way they can cure this, or if, indeed, they even made the sales" and that Cohen instructed him to terminate the licensing agreement with plaintiff. Cowger Dep. 120. Although these communications arguably present a closer question, I conclude that they primarily address the business question of how, as a practical matter, defendants should proceed with respect to their licensing relationship with plaintiff. Cowger did not, for example, describe any discussions in which he was asked for or provided advice about whether or not any alleged conduct by plaintiff constituted a breach, or what legal remedies were available to defendants if it did.

  The other testimony plaintiff relies upon similarly fails to support its position that Cowger disclosed privileged communications in his deposition testimony. For example, plaintiff cites Cowger's testimony that Cohen told him defendants had to sell their trademark or they would "get nothing from it because … [of plaintiff's] actions." Cowger Dep. 121. Cohen's statement that defendants had to sell their trademark was not a description of a legal requirement, but of a business necessity. This cited testimony, like the other testimony relied on by plaintiff, fails to demonstrate any waiver of attorney-client privilege by defendant. In short, although plaintiff contends that the communications revealed by Cowger "addressed the legal strategies with respect to maintaining the Tinkerbell trademark in force, [and] the legal strategies with respect to Disney," Pl.'s Letter dated Sept. 16, 2012, Docket Entry 89, at 1,

I can find no discussion of legal strategy at all in the portion of Cowger's deposition submitted by plaintiff.

Plaintiff also seems to argue that defendants' attorney-client communications should be disclosed because evidence of defendants' intent and willfulness is relevant to the question of whether plaintiff breached the licensing agreement. A party asserting a claim that in fairness requires examination of privileged communications may be found to have thereby waived the attorney-client privilege. *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1291 (2d Cir. 1991). In this case, however, defendants have never contended that their determination that plaintiff breached the licensing agreement at issue was based upon the advice of counsel. Nor have defendants ever contended that, even if it is decided in this litigation that the licensing agreement was not breached, they may avoid liability because they relied upon the advice of their attorney in concluding otherwise. To the contrary, defendants have explicitly represented that they "have never sought to justify the termination [of the licensing agreement with plaintiff] by claiming reliance on the advice of counsel; rather, the defendants will simply prove at trial that Icebox, in fact, breached and that the Licensing Agreement could therefore be terminated." Defs.' Letter dated Sept. 17, 2012, Docket Entry 90-1, at 2.

For all these reasons, plaintiff's motion to compel is denied.

**SO ORDERED**.

_____/s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
September 28, 2012