IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Finanz St. Honoré, B.V., | : |
|                 Opposer, | : Opposition No. |
| v. | : Serial No. 76/099,680 |
| | : Filed: July 31, 2000 |
| Disney Enterprises, Inc. | : Published: October 15, 2002 |
| | : Mark: TINK |
|                 Applicant. | : |

12-24-2003
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #78

NOTICE OF OPPOSITION

Finanz St. Honoré, B.V., a Dutch company with a place of business at Herengracht 548, Amsterdam, Netherlands 1017 CG, ("Finanz" or "Opposer") believes that it will be damaged by registration of the mark TINK, which is the subject of application Serial No. 76/099,680 published in the October 15, 2002 Official Gazette, and hereby opposes the same.

As grounds of opposition, it is alleged that:

1. Upon information and belief the Applicant, Disney Enterprises, Inc., is a Delaware corporation with a place of business at 500 South Buena Vista Street, Burbank, California 91521 ("Applicant" or "Disney").

2. Upon information and belief, Applicant filed a trademark application to register the mark TINK in the United States Patent and Trademark Office on July 21, 2000 for the following goods:

EXHIBIT 3

a. hair shampoo; hair conditioner; hair mousse; hair cream rinse; skin cleansing cream; facial, hand, and body cream; facial, hand, and body lotion; facial, hand and body moisturizer; scalp conditioner; bath oil; bath powder; body powder; perfume; cologne; aftershave; shaving cream and foam; bar soap; liquid soap, skin soap; mascara; lip stick; lip gloss; eyeliner; blush; rouge; eyeshadow; eyebrow pencils; nail polish; nail hardener; facial scrubs; facial masks; talcum powder; bubble bath; toilet water; dentifrices in International Class 3;

b. pre-recorded audio cassettes; phonograph records, and compact discs, featuring music and stories; pre-recorded video cassettes, laser video discs; digital video discs, and digital versatile discs, all featuring animated and live action stories, games and music; cd-rom discs, computer game programs, computer game cartridges, video game cartridges and discs and computer software, all featuring games, educational activities, and entertainment; motion picture films in the field of entertainment; eyeglasses; sunglasses in International Class 9;

c. watches; clocks; jewelry; rings; bracelets; necklaces; charms; tie clips; ornamental pins; earrings in International Class 14;

d. athletic bags; baby backpacks; backpacks; all-purpose athletic bags; beach bags; book bags; diaper bags; duffel bags; gym bags; tote bags; coin purses; fanny packs; knapsacks; waist packs; shopping bags made of vinyl, leather and plastic; umbrellas; wallets; luggage; handbags; purses; walking canes in International Class 18;

e. afghans; bath linen; bed blankets; bed sheets; crib bumpers; pillow cases; bed comforters; curtains; bed skirts; kitchen towels; table linen; bed linen; quilts; towels; washcloths; handkerchiefs; bed spreads; flags and pennants of textile in International Class 24;

f. bathing suits; robes; beachwear; belts; bibs; underwear; sweaters; Halloween costumes; dresses; gloves; hats; caps; hosiery; infant wear; jackets; mittens; pajamas; pants; sweat pants; sweat shirts; shirts; shoes; shorts; sleepers; socks; sweaters; t-shirts; tank tops; tights; vests; jerseys; scarves; neckties; robes; night shirts; night gowns; head bands; wrist bands; skirts; coats; leotards; leg warmers; stockings; panty hose; tights; athletic shoes; slippers; boots; sandals; rainwear in International Class 25; and

g. rubber balls; action figures and accessories; action skill games; bean bag dolls; plush toys; balloons; golf balls; tennis balls; bath toys; Christmas tree ornaments; board games; building blocks; equipment sold as a unit for playing card games; dolls and doll clothing; doll playsets; children's play cosmetics; crib toys; electric action toys; manipulative games; golf gloves; golf ball markers; jigsaw puzzles; kites; mobiles; music box toys; party favors in the nature of small toys; inflatable pool toys; multiple activity toys; wind-up toys; target games; disc-type toss toys; bows and arrows; toy vehicles; toy cars; toy trucks; toy bucket and shovel sets; roller skates; toy model hobbycraft kits, consisting of parts and accessories for the construction of toy vehicles, buildings, airplanes, animals and toy figurines; toy rockets; toy guns; toy holsters; musical toys; badminton sets; bubble making

wands and solution sets; toy figurines; toy banks; puppets; yo-yos; skateboards; toy scooters; face masks; hand-held unit for playing electronic games in International Class 28.

3. Applicant's mark published in the Official Gazette on October 15, 2002. Opposer filed requests for extension of time to oppose giving Opposer until December 28, 2003 to file its Notice of Opposition.

4. Finanz uses its TINKERBELL mark for a wide range of Finanz's goods and the TINKERBELL mark is the subject of multiple trademark registrations and applications in the U.S. and throughout the world.

5. Opposer owns Registration No. 669,730 for the mark TINKERBELL for "soap." This registration issued on November 11, 1958, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

6. Opposer owns Registration No. 671,944 for the mark TINKERBELL for "lip pomade, lipstick, nail polish, nail polish remover, sachet, face powder, and cleansing cream." This registration issued on December 30, 1958, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's

exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

7. Opposer owns Registration No. 1,235,582 for the mark TINKERBELL for "children's cosmetics-namely, cologne, bath oil, body lotion, body powder, bubble bath, skin cream and sachets, sold in conjunction with dolls." This registration issued on July 26, 1983, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

8. Opposer owns Registration No. 1,262,149 for the mark TINKERBELL for "cologne, bubble bath, hand lotion, bath oil, hand and body soap, lip pomade, lipstick, nail polish, nail polish remover, dusting powder, cream lotion, body talc, liquid soap, and hair shampoo." This registration issued on December 27, 1983, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

9. Opposer owns Registration No. 1,308,026 for the mark TINKERBELL for "canvas tote bags, rayon shoulder bags, denim duffle bags, and overnight cases, cosmetic cases sold

empty and purses." This registration issued on December 4, 1984, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

10. Opposer owns Registration No. 1,569,474 for the mark TINKERBELL for "sunglasses." This registration issued on December 5, 1989, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

11. Opposer owns Registration No. 1,569,589 for the mark TINKERBELL for "jewelry, not made of precious metal, including bracelets, pins and necklaces." This registration issued on December 5, 1989, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

12. Opposer owns Registration No. 1,569,688 for the mark TINKERBELL for "pencils, note paper, envelopes, writing paper sets, drawer liner paper, coloring books, diaries, pencil cases, wall posters and photo albums." This registration issued on December 5, 1989, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

13. Opposer owns Registration No. 1,569,729 for the mark TINKERBELL for "wallets, purses, shoulder bags; and combination wallet and comb sets, sold as a unit; and combination shoulder bag and cologne sets, sold as a unit; and umbrellas." This registration issued on December 5, 1989, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

14. Opposer owns Registration No. 1,569,895 for the mark TINKERBELL for "hair barrettes, hair ornaments, ponytail holders, and shoe laces." This registration issued on December 5, 1989, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115,

constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

15. Opposer owns Registration No. 1,569,977 for the mark TINKERBELL for "stuffed toy animals." This registration issued on December 5, 1989, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

16. Opposer owns Registration No. 1,580,147 for the mark TINKERBELL for "toothbrushes." This registration issued on January 30, 1990, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

17. Opposer owns Registration No. 1,613,931 for the mark TINKERBELL for "apparel, namely, headwear, t-shirts, sweatshirts, footwear." This registration issued on September 18, 1990, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes

conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

18. Opposer owns Registration No. 1,634,888 for the mark TINKERBELL for "apparel, namely, blouses, scarves, pants, underwear, socks and swimwear." This registration issued on February 12, 1991, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

19. Opposer owns Registration No. 1,736,777 for the mark TINKERBELL for "dolls and doll accessories." This registration issued on December 1, 1992, and has attained incontestable status pursuant to 15 U.S.C. § 1065. This registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

20. Opposer owns Registration No. 2,331,096 for the mark TINKERBELL for "wound dressings, namely, sterile adhesive bandages." This registration issued on March 21, 2000. This registration remains in full force and effect, and pursuant to 15 U.S.C. §

1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

21. Opposer owns Registration No. 2,598,219 for the mark TINKERBELL for "party items, namely, printed invitations, paper table cloths and paper table linens, paper napkins, paper party hats, paper cake decorations, decorative paper centerpieces, paper party decorations, paper doilies, paper placemats, and paper party bags" and "party items, namely, plastic or paper cups and plates." This registration issued on July 23, 2002, and has attained incontestable status pursuant to 15 U.S.C. § 1065. Notwithstanding that Disney has filed a cancellation against this registration with this cancellation action now pending, the registration remains in full force and effect, and pursuant to 15 U.S.C. § 1115, constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Opposer's ownership of the mark, and of Opposer's exclusive right to use the TINKERBELL mark in commerce in connection with the goods identified in this registration.

22. Opposer owns Application No. 76/069,338 for the mark TINKERBELL for "combination pillow and pajama bag, cushions." This application was filed on June 13, 2000 and is the subject of a pending opposition filed by Disney.

23. Since at least as early as 1952, Finanz itself and through its predecessors in interest have sold to consumers cosmetic products under the TINKERBELL mark across the country and around the globe.

24. Since the 1952 date of first use of the TINKERBERLL mark by Finanz, Finanz has expanded its use of the TINKERBELL mark from cosmetic products to include a wide variety of goods, such as toys and dolls, apparel, costumes, sunglasses, wallets, hair accessories, cosmetic bags, jewelry not made of precious metal, note pads and pens, and paper party items.

25. Finanz's TINKERBELL trademark is inherently distinctive and represents the exceedingly valuable good will of Finanz's products.

26. Finanz's TINKERBELL mark appears confusingly similar with Applicant's claimed mark "TINK" in sound, appearance, and meaning. The marks create the same commercial impression and are confusingly similar.

27. Upon information and belief, Applicant intends to use the TINK mark in connection with many of the same or related goods that Finanz distributes its products under the TINKERBELL mark.

28. If Applicant is permitted to register its mark, and, thereby, obtain the prima facie exclusive right to use the mark TINK in commerce in connection with the goods identified in the subject application, confusion is likely to result, and Opposer will be damaged thereby.

29. Applicant's use of the mark TINK is likely to cause confusion or mistake or to deceive, within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

30. Allowance of Applicant's application and registration of Applicant's mark TINK would result in damage and injury to Opposer, who has expended considerable sums and effort in promoting and developing its TINKERBELL trademark.

A duplicate copy of this Notice of Opposition and the fee required in §2.6(1) are enclosed herewith.

WHEREFORE, Opposer prays that allowance of Serial No. 76/099,680 be refused and that this Opposition be sustained.

Respectfully submitted,

Date: 12/24/2003

Camille M. Miller
Scott B. Schwartz
COZEN O'CONNOR, P.C.
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Attorneys for Opposer

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing document was mailed on _December 24, 2003_ by Express Mail, postage prepaid, to the Trademark Trial and Appeal Board:

Commissioner for Trademarks
BOX T.T.A.B.
FEE
2900 Crystal Drive
Arlington, VA 22202-3513

Scott B. Schwartz
COZEN O'CONNOR, P.C.
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000
Attorney for Opposer