01138.001600.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

------------------------------------------------------x
FINANZ ST. HONORE, B.V.,                              :
                                                      :   Serial No.: 76/099,680
        Opposer,                                      :
                                                      :   Opposition No.: 91159017
        v.                                            :
                                                      :
DISNEY ENTERPRISES, INC.,                             :
                                                      :
        Applicant.                                    :
------------------------------------------------------x

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Commissioner for Trademarks, 2900 Crystal Drive, Arlington, Virginia 22202-8514 on 07-19-2004 (Date of Deposit)

TILA M. DUHAIME
Name of Attorney for Applicant

_Tila M. D_____     07-19-2004
Signature           Date of Signature

## ANSWER TO NOTICE OF OPPOSITION AND COUNTERCLAIMS

Applicant Disney Enterprises, Inc. ("Disney"), whose address is 500 South Buena Vista Street, Burbank, California 91521, hereby answers the Notice of Opposition and asserts affirmative defenses and defensive counterclaims as follows:

## ANSWER

    1.    Disney admits the allegations of Paragraph 1 of the Notice of Opposition.

    2.    Disney admits the allegations of Paragraph 2 of the Notice of opposition, except it denies the application was filed on July 21, 2000 and avers that the application was filed on July 31, 2000.

    3.    Disney admits the allegations of Paragraph 3 of the Notice of Opposition.

    4.    Disney lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 4 of the Notice of Opposition, and, therefore, denies same.

5. Answering Paragraphs 5-20 of the Notice of Opposition, Disney lacks knowledge or information sufficient to form a belief as to the allegations of ownership alleged therein, and therefore denies same. Disney admits that the cited registrations appear to have issued on the dates recited therein, and have not expired or been cancelled. Disney denies each and every remaining allegation in Paragraphs 5-20 of the Notice of Opposition, and specifically denies the validity of the cited registrations.

6. Answering Paragraph 21 of the Notice of Opposition, Disney admits that the cited registration issued on July 23, 2002, and that Disney has initiated cancellation proceedings for this registration. Disney denies each and every remaining allegation of Paragraph 21, and specifically denies that said registration is valid, that it is incontestable pursuant to 15 U.S.C. § 1065, since it has been registered less than two years, and that the registration constitutes conclusive evidence of the validity of the mark.

7. Disney admits the allegations of Paragraph 22 of the Notice of Opposition.

8. Disney denies the allegations of Paragraph 23 of the Notice of Opposition to the extent that it alleges that such purported sales to consumers have been ongoing or continuous since 1952. On information and belief, Disney admits that Opposer or its predecessors in interest have made limited and sporadic sales of children's cosmetic products in the United States.

9. Disney denies the allegations of Paragraph 24 of the Notice of Opposition to the extent that it alleges that such purported use has been use in commerce regulable by Congress, that such purported use has been ongoing or continuous, that such purported use dates

from 1952, or that such purported use predates Disney's use of its own trademarks, character images or designations relating to the Tinker Bell character.

10. Disney denies the allegations of Paragraph 25 of the Notice of Opposition.

11. Answering Paragraph 26 of the Notice of Opposition, Disney admits that Opposer has made judicial admissions that its mark TINKERBELL is confusingly similar to the name and mark TINK as used by Disney. For purposes of the present proceedings only, Disney asserts Opposer's admissions on this subject.

12. Disney denies Paragraph 27 of the Notice of Opposition to the extent that it assumes that Opposer is currently distributing products under the TINKERBELL mark. Disney admits that it is using or has a bona fide intent to use the mark TINK on or in connection with the goods identified in its application herein.

13. Disney denies the allegations of Paragraphs 28-30 of the Notice of Opposition.

14. Disney denies that Opposer is entitled to the relief set forth in its prayer for relief in the Notice of Opposition.

## AFFIRMATIVE DEFENSES

15. Opposer's claims are barred under a binding Settlement Agreement signed by Opposer on March 4, 2003, in which Opposer (a) released Disney from any claims it may have had with respect to Disney's use of the term TINK as of that date; (b) agreed that it would never affirmatively raise claims asserted in a prior action concerning Disney's use of the term "Tink"; and (c) agreed that it would <u>only</u> raise such claims as part of a defense of prior use.

16. Opposer's claims are barred in whole or in part by the doctrine of laches, estoppel, waiver and/or acquiescence.

17. Opposer's claims are barred by the doctrine of res judicata and/or collateral estoppel.

18. Opposer's claims are barred by its unclean hands arising from its fraudulent registration and/or maintenance of its claimed trademark registrations, and by its knowingly false statements to the Trademark Office in connection with its pending applications for the mark TINKERBELL.

19. Opposer's claims are subject to the defense of 15 U.S.C. § 1115(b)(5) because Disney's use of the names Tink and/or Tinker Bell from the animated motion picture "Peter Pan" have occurred since a date prior to the first date of registration of Opposer's alleged trademark TINKERBELL and have been continuous to the present.

## COUNTERCLAMS

Pursuant to Trademark Rule 2.106 and 2.111, Disney asserts counterclaims as follows:

1. Disney and/or it or its predecessors in interest and related companies and licensees are and have for decades been engaged in the distribution and sale of a broad range of products which have featured the fictional female sprite character known as Tinker Bell from the classic Walt Disney Productions[1/] animated motion picture "Peter Pan." This picture, released

---

[1/] Walt Disney Productions is a predecessor to Disney's parent company.

nationwide in 1953, was based on the play "Peter and Wendy" written by Sir James M. Barrie. The motion picture "Peter Pan" and the images of the characters therein, including the world-famous image of Tinker Bell in the movie, are protected by copyright in this country.

2. The Disney animators used the nickname "Tink" for the female sprite in the animated motion picture, and other characters in the original Disney motion picture refer to her by that name. Over the years Disney has used the nickname "Tink" in the same manner. The names Tinker Bell, Tink, and the images of the sprite Tinker Bell from the animated motion picture "Peter Pan" were adopted prior to and without knowledge of the alleged prior use of the term "Tinkerbell" by Opposer's predecessor in interest on children's cosmetic products, and have been continuously used by Disney or those in privity with it from a date prior to the first registration date of Opposer's alleged mark TINKERBELL, and such use has extended throughout the United States from 1953 to date.

3. During that time no objection to such uses was made by Opposer's predecessor in interest until 1994. At that time and thereafter, Disney or its affiliates maintained and continue to maintain their right to use their depiction and description of Disney's original creation of the sprite Tinker Bell on various products sold in theme parks or through stores or catalogs, and specifically to use the names Tinker Bell or Tink in connection with that character and the mark TINK on products associated with that character.

4. Disney's use, itself or through its predecessors, of the terms "Tink" and "Tinker Bell" to identify its copyrighted Tinker Bell character and her image as she appears on a number of its products dates to at least as early as 1953 and continues to this day.

5.  In connection with such use, Disney, its predecessors, subsidiaries and affiliates have spent substantial sums of money in the distribution, advertising, and promotion of products featuring its Tinker Bell character image and names, have enjoyed substantial sales of such products, and have built up a considerable business in the distribution and sale of goods bearing the image or name of Disney's widely recognized Tinker Bell character as she appears in the copyrighted images and motion picture created by Walt Disney Productions.

## COUNTERCLAIM 1
## DISMISSAL OF OPPOSITION

6.  Opposer reiterates Paragraphs 1-5 of the Counterclaims as if fully set forth herein.

7.  In a litigation Opposer initiated in 2000 in the United States District Court for the District of Pennsylvania (No. 3:CV-00-1345) (hereinafter, "the Pennsylvania Action"), Opposer made representations and judicial admissions that the use by Disney and its affiliates and licensees of the names Tinker Bell and Tink on various goods, which are similar or identical to goods of Opposer, are likely to cause confusion with Opposer's TINKERBELL trademark on a number of goods. Based on such representations and admissions, and given that Disney's uses of the names Tinker Bell and Tink itself or through its affiliates and predecessors long predate any of Opposer's TINKERBELL registrations or its uses on various goods, Opposer's use and registration of its alleged TINKERBELL mark on goods similar or related to Disney's is likely to cause public confusion, mistake, or deception as to origin, association or sponsorship of Opposer's goods with those of Disney or its affiliates and licensees.

8. Opposer claimed in the Pennsylvania Action that it was entitled, on the basis of such likelihood of confusion, to relief precluding use or registration of the marks TINKER BELL, TINKERBELL or TINK by Disney or its affiliates and licensees, and sought preliminary and injunctive relief to that end. The district court denied Opposer's application for preliminary injunction in a decision published at 131 F. Supp. 2d 616 (M.D. Pa. 2001).

9. The Pennsylvania Action between Opposer and an affiliate of Disney has since been resolved, and pursuant to a Settlement Agreement signed by Opposer on March 4, 2003, its claims for infringement of its alleged TINKERBELL trademarks and registrations based on Disney's use of the terms "Tinkerbell" or "Tink", as well as any claims which could have been raised in the Pennsylvania Action, were dismissed with prejudice by the district court.

10. The present application was published for Opposition on October 15, 2002, long prior to the signing of the Settlement Agreement. At the time it signed the Settlement Agreement, Opposer was aware of the opposition period because it had already requested extensions of time to oppose.

11. Further, pursuant to the Settlement Agreement, Opposer agreed that "neither [it] nor [its] successors or assigns shall ever affirmatively raise their Pennsylvania Action claims in any future civil action against Disney . . . for any use of the terms Tinker Bell, Tinkerbell, or Tink . . . and may only raise such claims as part of a defense of prior use." (Emphasis added.) Accordingly, Opposer is barred from the Settlement Agreement from affirmatively bringing the present Opposition, which should be dismissed on the grounds of its breach of the Settlement Agreement.

## COUNTERCLAIM 2
## CANCELLATION FOR ABANDONMENT (NONUSE)

12. Opposer reiterates Paragraphs 1-5 and 7-11 of the Counterclaims as if fully set forth herein.

13. Opposer has abandoned the registrations recited in Paragraphs 5 and 11 through 18 of the Notice of Opposition through nonuse with intent not to resume use. Such nonuse has been for three consecutive years, establishing prima facie abandonment.

14. Because of the likelihood of confusion alleged by Opposer, and because Opposer has asserted the foregoing registrations as a basis for the present opposition, Disney is being harmed by maintenance of Opposer's abandoned registrations. Accordingly, Disney is entitled to cancellation of Opposer's registrations recited in Paragraphs 5, 11, 12, 13, 14, 15, 16, 17 and 18 of the Notice of Opposition pursuant to 15 U.S.C. § 1064.

## COUNTERCLAIM 3
## CANCELLATION FOR ABANDONMENT (ACTS OF OMISSION)

15. Opposer reiterates Paragraphs 1-5 and 7-11 of the Counterclaims as if fully set forth herein.

16. Opposer has abandoned by its acts of omission the registrations recited in Paragraphs 5, 6, and 8-21 of the Notice of Opposition, by failing to object to Disney's long use of the mark TINK and the designations "Tink" and "Tinker Bell" to refer to the original Disney sprite character.

17. Because of the likelihood of confusion alleged by opposer, and because Opposer has asserted the foregoing registrations as a basis for the present opposition, Disney is being harmed by maintenance of Opposer's abandoned registrations. Accordingly, Disney is entitled to cancellation of the registrations recited in Paragraphs 5, 6, and 8-21 of the Notice of Opposition pursuant to 15 U.S.C. § 1064.

## COUNTERCLAIM 4
## CANCELLATION FOR FRAUDULENT REGISTRATION

18. Opposer reiterates Paragraphs 1-5 and 7-11 of the Counterclaims as if fully set forth herein.

19. Upon information and belief, Opposer's registrations for the mark TINKERBELL were supported and maintained by sworn statements to the Patent and Trademark Office ("PTO") that Opposer or its predecessors in interest either owned or were entitled to use the mark on such goods, and that no one else had the right to use in commerce on such goods the same or a similar mark which would be likely to cause confusion, mistake, or deception. Opposer and/or its predecessors in interest made such statements to the PTO notwithstanding their knowledge that, with the exception of children's cosmetics products, Disney or its affiliates or predecessors had already made use of the terms Tink and Tinker Bell on and in connection with the same or similar products to refer to the original Disney sprite. Opposer has made judicial admissions that the concurrent use by Opposer and Disney of these designations on similar products poses a likelihood of consumer confusion, mistake, or deception and further acknowledged Disney's right to continue its use in the Settlement Agreement.

20. Accordingly, with the exception of its application and subsequent registration for use in connection with children's cosmetic products, Opposer and/or its predecessors in interest knowingly made false statements and representations to the PTO that the applications for registration of its proposed mark TINKERBELL, and its maintenance and renewals of those registrations, did not pose a likelihood of confusion with Disney's prior use of the terms Tink or Tinker Bell on the same or closely related products.

21. Without such false and fraudulent statements, the registrations described in Paragraps 5, 6, and 8-21 of the Notice of Opposition would not have issued or been maintained or renewed.

22. Because of the likelihood of confusion alleged by Opposer, and because Opposer has asserted the foregoing registrations as a basis for the present opposition, Disney is being harmed by maintenance of Opposer's registrations for the mark TINKERBELL for products other than children's cosmetics. Accordingly, Disney is entitled to cancellation of the registrations recited in Paragraphs 5, 6, and 8-21 of the Notice of Opposition pursuant to 15 U.S.C. § 1064.

WHEREFORE, Disney respectfully requests that the registrations for Opposer's alleged mark TINKERBELL be cancelled, except for children's cosmetics, and that the pending applications for the same mark as sought by Opposer be refused registration.

An original of this Answer to Notice of Opposition and Counter Claims and the fee required under 37 C.F.R. § 2.6(a)(16) are enclosed herewith. Please charge any overpayments or underpayments to Deposit Account No. 06-1205.

Respectfully submitted,

Dated: July 13, 2004
New York, New York

By: *[signature]*
Pasquale A. Razzano
Tila M. Duhaime
FITZPATRICK, CELLA, HARPER
    & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

Attorneys for Applicant,
Disney Enterprises, Inc.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused to be served on July 14, 2004, a true and correct copy of the foregoing Answer to Notice of Opposition and Counterclaims via first class U.S. mail, postage prepaid, upon counsel for Opposer as follows:

>Scott Schwartz, Esq.
>COZEN, O'CONNOR, P.C.
>1900 Market Street
>Philadelphia, PA 19103

_____
Tila M. Duhaime

NY_MAIN 408598v1

OPPOSITION 91159017
SERIAL NUMBER 76099680

REG NUMBERS
669730
1569589
1569688
1569729
1569895
1569977
1580147
1613931
1634888

# FITZPATRICK, CELLA, HARPER & SCINTO
### 30 ROCKEFELLER PLAZA
### NEW YORK, NY 10112-3800
### 212-218-2100
FACSIMILE (212) 218-2200
WWW.FITZPATRICKCELLA.COM

WASHINGTON OFFICE
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1110
(202) 530-1010
FACSIMILE (202) 530-1055

TILA M. DUHAIME
DIRECT DIAL (212) 218-2585
E-MAIL tduhaime@fchs.com

CALIFORNIA OFFICE
650 TOWN CENTER DRIVE, SUITE 1600
COSTA MESA, CALIFORNIA 92626-7130
(714) 540-8700
FACSIMILE (714) 540-9823

July 13, 2004

**TTAB**

BOX TTAB – FEE
Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22202-3514

    Re:    Opposition No. 91159017
            Serial No.: 76/099,680
            Our Ref.: 01138.001600.

Dear Sir:

        We enclose herewith Applicant's Answer to Notice of Opposition and Counterclaims, and a check in the amount of $4500.00 for the fee for cancellation of Opposer's registrations in fifteen classes. Kindly have your mailroom stamp and return the enclosed postcard.

        Any underpayment of fees may be charged or credited to our Deposit Account No. 06-1205.

        Very truly yours,

        FITZPATRICK, CELLA, HARPER & SCINTO

        By: _/s/ Tila M. Duhaime_
                Tila M. Duhaime

Enclosures

NY_MAIN 440070v1

07-19-2004
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #64