**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Goodman                    Mailed:  April 28, 2005

                           Opposition No.   91153871
                           Cancellation No. 92041544

                           DISNEY ENTERPRISES, INC.

                                    v.

                           FINANZ ST. HONORE B.V.

                                   And

                           Opposition No. 91159017

                           FINANZ ST. HONORE B.V.

                                    v.

                           DISNEY ENTERPRISES, INC.

Before Chapman, Holtzman and Drost, Administrative Trademark Judges.

By the Board:

     This case now comes up on Disney Enterprises, Inc.'s (hereinafter "Disney") combined motion, filed January 20, 2005, for sanctions, to compel production of documents and interrogatory responses, and to extend the discovery period to "complete, unilaterally" any discovery.  The motion is fully briefed.

     We turn first to the portion of Disney's motion requesting sanctions.

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

In support of its motion, Disney argues that sanctions under Trademark Rule 2.120(g)(2) are appropriate because of the failure of Finanz St. Honore B.V.'s (hereinafter "Finanz") general counsel, Alfred Cowger, to appear at his deposition, which was properly noticed for January 7, 2005 at Disney's counsel's New York Offices.[1]

In response, Finanz argues that Alfred Cowger never received the notice of deposition; that Alfred Cowger was completely unaware that a deposition had been scheduled for January 7, 2005; that Disney's counsel made no effort to contact Finanz directly to schedule Mr. Cowger's deposition after Finanz's former counsel withdrew as counsel; and that Alfred Cowger "would readily have made himself available" for deposition if Disney had contacted him.

Under Trademark Rule 2.120(g)(2), sanctions are available if a party i) fails to attend a discovery deposition *and* ii) informs the requesting party the witness will not attend.  In this case we find sanctions are not available under Trademark Rule 2.120(g)(2) because although Mr. Cowger did not attend the noticed deposition, Disney did not state that Finanz's former counsel or Finanz itself informed Disney that Alfred Cowger would not make himself

---

[1] Disney has also complained about Mr. Cowger's nonappearance at a noticed November 9, 2004 discovery deposition, but admits that the parties "agreed to postpone the deposition."

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

available for a deposition.  In view thereof, Disney's motion for sanctions is denied.

We now turn to the portion of Disney's motion relating to compelling discovery.

Disney seeks supplementation by Finanz of its responses to Disney's first and second sets of document request Nos. 2-10, 12-14, 17-23, 26-36 and 37-43 (including identification by previous production number of the documents from the parties' prior civil litigation as referenced in Finanz's discovery responses and a privilege log for any responsive documents deemed privileged).  Disney also contends that Finanz's responses to interrogatory Nos. 1-5, 10 and 15 are insufficient and need to be supplemented. Lastly, Disney contends that Finanz objected to some of the discovery requests as requiring confidential information and stated that it would provide a proposed protective order to permit disclosure of the confidential information but has failed to do so.

In response, Finanz argues that Disney did not make a good faith effort to resolve the discovery disputes; that Disney did not attempt to communicate about the matters in dispute until January 14, 2005; that although Disney was advised by Finanz's former counsel[2] on January 14, 2005 that

---

[2] Finanz's former counsel filed a request to withdraw with the Board on January 12, 2005.  The request was granted on February 3, 2005.

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

Disney should contact Finanz directly regarding the discovery disputes, Disney failed to do so; and that had Disney contacted Finanz directly, Finanz "would have sought to provide more information where Disney felt its files were inadequate and would have been able to clarify where and why [Finanz] had no further information to provide."  With regard to Disney's document requests and interrogatories, Finanz asserts that it has provided Disney with the facts and documents Disney seeks but Disney does not like the answers; that Finanz's answers to the interrogatories "can stand unclarified"; that Disney is in possession of "virtually all the documents requested" as part of the parties' prior civil litigation; and that Finanz has supplemented all of its responses with the most current information, making Disney's motion to compel moot.

As provided under Trademark Rule 2.120(e), it is the policy of the Board to intervene in disputes concerning discovery, by determining motions to compel, only where it is clear that the parties have followed the process of attempting to resolve the discovery disputes and have narrowed the amount of disputed discovery requests, if any, down to a reasonable number.

In the instant case, it is clear from the number of disputed document requests and interrogatories that the parties have failed to properly cooperate with one another

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

in the discovery process, and more specifically, have failed to make a substantive effort to resolve by agreement the issues raised by Disney's motion.  See Trademark Rule 2.120(e); *Sentrol, Inc. v. Sentex Systems, Inc.*, 231 USPQ 666, 667 (TTAB 1986) (parties must narrow amount of disputed requests to reasonable number); and *Medtronic, Inc. v. Pacesetter Systems, Inc.*, 222 USPQ 80, 83 (TTAB 1984) (it was clear from number and nature of opposer's discovery requests and applicant's blanket objections thereto that neither party was cooperating*)*.

The Board does not have the time or the personnel to determine discovery disputes where the number of involved matters is numerous and reflects a failure of the parties to conduct discovery in good faith.

In view thereof, Disney's motion to compel is denied.

The parties are requested to get together within thirty days from the mailing date of this order and attempt in good faith to resolve their differences with respect to the discovery requests at issue as identified in Disney's motion.

In order to obviate confidentiality issues between the parties with regard to discovery, the Board hereby imposes the standard Board protective order on the parties, attached below.

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

The parties are free to modify or amend the terms of the protective order by mutual agreement, subject to Board approval.  Absent agreement on, and filing of, an amended order, the standard Board protective order shall govern terms of production of confidential material in this case.

Lastly, in order to generally assist the parties in resolving their discovery disputes, the parties are reminded that they have a duty to supplement answers to discovery requests, see Fed. R. Civ. P. 26(e)(2)[3]; to provide privilege logs for discoverable information withheld on the basis of privilege, see Fed. R. Civ. P. 26(b)(5)[4]; to provide sufficiently detailed information to identify business records if provided as an answer to an interrogatory, see Fed. R. Civ. P. 33(d)[5]; and to produce all responsive (or, if appropriate, representative) documents in their possession, custody and control, see Fed. R. Civ. P. 34(a)-(b).[6]  See also, the general discovery

---

[3] See TBMP Section 408.03 (2d. Ed. Rev. 2004).
[4] *See No Fear Inc. v. Rule*, 54 USPQ2d 1551, 1556 (2000)("Any claim that otherwise responsive documents are privileged requires a particularized explanation of the privilege relied on, and a description of the documents which, without revealing the privileged information, is sufficient to allow the inquiring party to assess the applicability of the privilege.")
[5] See *Jain v. Ramparts Inc.*, 49 USPQ2d 1429, 1436 (TTAB 1998)(identifying the prerequisites for exercising the option of producing business records in lieu of providing a written response to interrogatories; *No Fear Inc. v. Rule*, supra (party responding to interrogatories by producing business records must identify documents which contain responsive information).
[6] A party is obligated to produce only materials "which are in the possession, custody or control of the party upon whom the request is served." *See e.g., Sonnino v. University Kansas Hosp.*

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

guidelines for Board inter partes proceedings at TBMP Section 414 (2d. ed. Rev. 2004).

The parties are advised that if proper discoverable matters are withheld from the requesting party, then the responding party may be precluded from relying on such information and from adducing testimony with regard thereto during its testimony period. *Presto Products Inc. v. Nice-Pak Products Inc.*, 9 USPQ2d 1895, 1896 n. 5 (TTAB 1988).

Finally, we turn to that portion of Disney's motion requesting an extension of discovery. Disney's motion to extend discovery is well taken and is conceded by Finanz. See Fed. R. Civ. P. 6(b) and Trademark Rule 2.127(a). The discovery period is extended for Disney only.

Proceedings are resumed. Discovery (for Disney only) and trial dates are reset as follows:

Discovery Period (for Disney only) to close:                                   7/30/2005

Testimony period for Disney as plaintiff in Opposition No.
91153871, Cancellation No. 92041544 and
counterclaim plaintiff in Opposition No.
91159017 to close: (opening thirty days                          10/28/2005
prior thereto)

Testimony period for Finanz as defendant in Opposition No.
91153871, Cancellation No. 92041544 and counterclaim
defendant in Opposition No. 91159017 to close:
(opening thirty days prior thereto)                              12/27/2005


Testimony period for Finanz as plaintiff in Opposition No.

_____

*Authority*, 220 FRD 633 (D. Kan 2004); *Williams v. Hernandez*, 221 FRD 414 (S.D.N.Y. 2004).

Opposition Nos. 91153871 and 91159017 and Cancellation No.
92041544

91159017 to close: (opening thirty days prior

thereto)                                                    2/25/2006

Testimony period for Disney as defendant in Opposition No. 91159017
to close, and its rebuttal testimony as plaintiff in Opposition
No. 91153871, Cancellation No. 92041544 and
counterclaim plaintiff in Opposition No. 91159017 to close:
(opening thirty days prior thereto)
                                                            04/26/06

Rebuttal testimony period for Finanz as  plaintiff in
Opposition No. 91159017 to close:
(opening fifteen days prior thereto)                        06/10/2006

Briefs shall be due as follows:
[See Trademark rule 2.128(a)(2)].

Brief for Disney as plaintiff in Opposition No. 91153871,
Cancellation No. 92041544, and counterclaim plaintiff in Opposition
No. 91159017  shall be due:                                 08/09/2006

Brief for Finanz as defendant in Opposition No. 91153871,
Cancellation No. 92041544, and counterclaim
defendant in Opposition No.  91159017,  and brief
as plaintiff in Opposition No. 91159017
shall be due:                                               09/08//2006

Brief for Disney as defendant in Opposition No. 91159017  and its reply
brief as plaintiff in Opposition No. 91153871,
Cancellation No. 92041544 and counterclaim plaintiff in Opposition
No. 91159017 shall be due:                                  10/08/2006

Reply brief for Finanz as plaintiff in
Opposition No. 91159017 shall be due:                       10/23/2006

In each instance, a copy of the transcript of testimony

together with copies of documentary exhibits, must be served

on the adverse party within thirty days after completion of

`the taking of testimony.  Trademark Rule 2.125.

8

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  April 28, 2005

Opposition No.   91153871
Cancellation No. 92041544

DISNEY ENTERPRISES, INC.

v.

FINANZ ST. HONORE B.V.

And

Opposition No.   91159017

FINANZ ST. HONORE B.V.

v.

DISNEY ENTERPRISES, INC.

Before Chapman, Holtzman and Drost, Administrative Trademark Judges.

By the Board:

**PROVISIONS FOR PROTECTING**
**CONFIDENTIALITY OF INFORMATION**
**REVEALED DURING BOARD PROCEEDING**

Information disclosed by any party or non-party witness during this proceeding may be considered confidential, a trade secret, or commercially sensitive by a party or witness.  To preserve the confidentiality of the information so disclosed, the Board hereby orders that the parties be bound by the provisions within.  As used in this order, the

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

term "information" covers both oral testimony and documentary material.

<b>TERMS OF ORDER</b>

**1) Classes of Protected Information.**

The Rules of Practice in Trademark Cases provide that all *inter partes* proceeding files, as well as the involved registration and application files, are open to public inspection.  The terms of this order are not to be used to undermine public access to files.  When appropriate, however, a party or witness, on its own or through its attorney, may seek to protect the confidentiality of information by employing one of the following designations.

**Confidential** — Material to be shielded by the Board from public access.

**Highly Confidential** — Material to be shielded by the Board from public access and subject to agreed restrictions on access even as to the parties and/or their attorneys.

**Trade Secret/Commercially Sensitive** — Material to be shielded by the Board from public access, restricted from any access by the parties, and available for review by outside counsel for the parties and, subject to the provisions of paragraph 4 and 5, by independent experts or consultants for the parties.

**2) Information Not to Be Designated as Protected.**

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

Information may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

**3) Access to Protected Information.**

The provisions of this order regarding access to protected information are subject to modification by written agreement of the parties or their attorneys, or by motion filed with and approved by the Board.

Judges, attorneys, and other employees of the Board are bound to honor the parties' designations of information as protected but are not required to sign forms acknowledging the terms and existence of this order. Court reporters, stenographers, video technicians or others who may be employed by the parties or their attorneys to perform

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

services incidental to this proceeding will be bound only to the extent that the parties or their attorneys make it a condition of employment or obtain agreements from such individuals, in accordance with the provisions of paragraph 4.

- **Parties** are defined as including individuals, officers of corporations, partners of partnerships, and management employees of any type of business organization.

- **Attorneys** for parties are defined as including in-house counsel and outside counsel, including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction.

- **Independent experts or consultants** include individuals retained by a party for purposes related to prosecution or defense of the proceeding but who are not otherwise employees of either the party or its attorneys.

- **Non-party witnesses** include any individuals to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

**Parties** and their **attorneys** shall have access to information designated as **confidential** or **highly confidential**, subject to any agreed exceptions.

**Outside counsel, but not in-house counsel**, shall have access to information designated as trade secret/commercially sensitive.

**Independent experts or consultants, non-party witnesses**, and **any other individual** not otherwise specifically covered by the terms of this order may be afforded access to **confidential** or **highly confidential** information in accordance with the terms that follow in paragraph 4. Further, **independent experts or consultants** may have access to **trade secret/commercially sensitive** information if such access is agreed to by the parties or ordered by the Board, in accordance with the terms that follow in paragraph 4 and 5.

**4) Disclosure to Any Individual.**

Prior to disclosure of protected information by any party or its attorney to any individual not already provided access to such information by the terms of this order, the individual shall be informed of the existence of this order and provided with a copy to read. The individual will then be required to certify in writing that the order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected

14

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

information until the party or attorney proposing to disclose the information has received the signed certification from the individual.  A form for such certification is attached to this order.  The party or attorney receiving the completed form shall retain the original.

   **5) Disclosure to Independent Experts or Consultants.**

   In addition to meeting the requirements of paragraph 4, any party or attorney proposing to share disclosed information with an independent expert or consultant must also notify the party which designated the information as protected.  Notification must be personally served or forwarded by certified mail, return receipt requested, and shall provide notice of the name, address, occupation and professional background of the expert or independent consultant.

   The party or its attorney receiving the notice shall have ten (10) business days to object to disclosure to the expert or independent consultant.  If objection is made, then the parties must negotiate the issue before raising the issue before the Board.  If the parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the Board with an explanation of the need for disclosure and a report on the efforts the parties have made to settle

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

their dispute.  The party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived.

**6) Responses to Written Discovery.**

Responses to interrogatories under Federal Rule 33 and requests for admissions under Federal Rule 36, and which the responding party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation from paragraph 1.  Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Board only if necessary because of the filing of protected information not in accordance with the provisions of paragraph 12.

**7) Production of Documents.**

If a party responds to requests for production under Federal Rule 34 by making copies and forwarding the copies to the inquiring party, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation from paragraph 1.  If the responding party makes documents available for inspection and copying by the inquiring party, all documents shall be considered protected during the course of inspection.  After the inquiring party informs the responding party what documents are to be

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

copied, the responding party will be responsible for prominently stamping or marking the copies with the appropriate designation from paragraph 1.  Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Board only if necessary because of the filing of protected information not in accordance with the provisions of paragraph 12.

**8) Depositions.**

Protected documents produced during a discovery deposition, or offered into evidence during a testimony deposition shall be orally noted as such by the producing or offering party at the outset of any discussion of the document or information contained in the document.  In addition, the documents must be prominently stamped or marked with the appropriate designation.

During discussion of any non-documentary protected information, the interested party shall make oral note of the protected nature of the information.

The transcript of any deposition and all exhibits or attachments shall be considered protected for 30 days following the date of service of the transcript by the party that took the deposition.  During that 30-day period, either party may designate the portions of the transcript, and any

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

specific exhibits or attachments, that are to be treated as protected, by electing the appropriate designation from paragraph 1. Appropriate stampings or markings should be made during this time. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

**9) Filing Notices of Reliance.**

When a party or its attorney files a notice of reliance during the party's testimony period, the party or attorney is bound to honor designations made by the adverse party or attorney, or non-party witness, who disclosed the information, so as to maintain the protected status of the information.

**10) Briefs.**

When filing briefs, memoranda, or declarations in support of a motion, or briefs at final hearing, the portions of these filings that discuss protected information, whether information of the filing party, or any adverse party, or any non-party witness, should be redacted. The rule of reasonableness for redaction is discussed in paragraph 12 of this order.

**11) Handling of Protected Information.**

Disclosure of information protected under the terms of this order is intended only to facilitate the prosecution or defense of this case. The recipient of any protected

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

information disclosed in accordance with the terms of this order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

**12) Redaction; Filing Material With the Board.**

When a party or attorney must file protected information with the Board, or a brief that discusses such information, the protected information or portion of the brief discussing the same should be redacted from the remainder. A rule of reasonableness should dictate how redaction is effected.

Redaction can entail merely covering a portion of a page of material when it is copied in anticipation of filing but can also entail the more extreme measure of simply filing the entire page under seal as one that contains primarily confidential material. If only a sentence or short paragraph of a page of material is confidential, covering that material when the page is copied would be appropriate. In contrast, if most of the material on the page is confidential, then filing the entire page under seal would be more reasonable, even if some small quantity of non-confidential material is then withheld from the public record. Likewise, when a multi-page document is in issue, reasonableness would dictate that redaction of the portions or pages containing confidential material be effected when

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

only some small number of pages contain such material.  In contrast, if almost every page of the document contains some confidential material, it may be more reasonable to simply submit the entire document under seal.  **Occasions when a whole document or brief must be submitted under seal should be very rare.**

Protected information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be filed with the Board under seal.  The envelopes or containers shall be prominently stamped or marked with a legend in substantially the following form:

**CONFIDENTIAL**

**This envelope contains documents or information that are subject to a protective order or agreement.  The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except by order of the Board.**

**13) Acceptance of Information; Inadvertent Disclosure.**

Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection.  Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

claim the information as protected upon discovery of the error.

**14) Challenges to Designations of Information as Protected.**

If the parties or their attorneys disagree as to whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the disclosing party.  If the parties are unable to resolve their differences, the party challenging the designation may make a motion before the Board seeking a determination of the status of the information.

A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known.  When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time.

The party designating information as protected will, when its designation is timely challenged, bear the ultimate burden of proving that the information should be protected.

**15) Board's Jurisdiction; Handling of Materials After Termination.**

The Board's jurisdiction over the parties and their attorneys ends when this proceeding is terminated.  A

Opposition Nos. 91153871 and 91159017 and Cancellation No. 92041544

proceeding is terminated only after a final order is entered and either all appellate proceedings have been resolved or the time for filing an appeal has passed without filing of any appeal.

The parties may agree that archival copies of evidence and briefs may be retained, subject to compliance with agreed safeguards.  Otherwise, within 30 days after the final termination of this proceeding, the parties and their attorneys shall return to each disclosing party the protected information disclosed during the proceeding, and shall include any briefs, memoranda, summaries, and the like, which discuss or in any way refer to such information. In the alternative, the disclosing party or its attorney may make a written request that such materials be destroyed rather than returned.

**16) Other Rights of the Parties and Attorneys.**

This order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial.  Nor shall the order preclude the filing of any motion with the Board for relief from a particular provision of this order or for additional protections not provided by this order.

The foregoing provisions are hereby entered as an order of the Board, and shall be effective upon the mailing date indicated above.